[Cite as *State v. Bowditch*, 2017-Ohio-773.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-16-1152

    Appellee                                   Trial Court No. CR0201601508

v.

Brad Bowditch                                **DECISION AND JUDGMENT**

    Appellant                                  Decided:  March 3, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Drew E. Wood, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Brad Bowditch, appeals from the June 21, 2016 judgment of
conviction and sentence entered by the Lucas County Court of Common Pleas.  For the
reasons that follow, we affirm.

**{¶ 2}** On February 6, 2016, while appellant was driving a vehicle, he struck another vehicle head-on. The driver of that other vehicle suffered a fractured foot which required medical attention including surgery. At the time of the collision, appellant was under the influence of heroin.

**{¶ 3}** On March 17, 2016, appellant was indicted on one count of aggravated vehicular assault, a third-degree felony, and one count of illegal use or possession of drug paraphernalia, a fourth-degree misdemeanor. Then, on June 10, 2016, appellant was indicted on one count of aggravated possession of drugs and one count of possession of heroin, both fifth-degree felonies. Appellant pled not guilty to the charges.

**{¶ 4}** On June 21, 2016, appellant withdrew his not guilty plea and entered a no contest plea to one count of aggravated vehicular assault, R.C. 2903.08(A)(1)(a) and (B), a felony of the third degree. Appellant was found guilty. The trial court then sentenced appellant to 36 months in prison. The other charges against appellant were dismissed. Appellant appealed and set forth one assignment of error:

Appellant's sentence is contrary to law.

**{¶ 5}** Appellant argues the trial court's statement that it considered R.C. 2929.11 and 2929.12 when it imposed appellant's sentence is not supported by the record.

**{¶ 6}** The appellate standard of review for felony sentences is set forth in R.C. 2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either

2.

the record does not support the trial court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id.* In determining whether a sentence is clearly and convincingly contrary to law, the approach in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, can provide guidance. *Id.* at ¶ 15.

> Significantly, *Kalish* determined that a sentence was not clearly and convincingly contrary to law in a scenario in which it found that the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied post release control, and had imposed a sentence within the statutory range. *Id.*

{¶ 7} Here, the record shows the trial court stated it considered appellant's record, the oral statements and the victim impact statement. The court also stated it balanced the principals and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The court determined appellant was not amenable to community control and ordered him to serve 36 months in prison.

{¶ 8} Based on the foregoing, we find the record shows the trial court properly considered all of the relevant statutory factors prior to sentencing appellant. We further find the 36-month prison sentence imposed upon appellant is within the permissible statutory sentencing range for a third-degree felony. *See* R.C. 2929.14(A)(5). We

3.

therefore conclude the prison sentence imposed on appellant by the trial court is not contrary to law.  Accordingly, appellant's assignment of error is not well-taken.

{¶ 9} The judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE