[Cite as *State v. Parham*, 2018-Ohio-1631.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105983

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DWJUAM A. PARHAM**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-614955-A

**BEFORE:** E.T. Gallagher, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 26, 2018

**ATTORNEYS FOR APPELLANT**

James M. Price, Jr.
James M. Price Attorney At Law
1496 Westford Circle, Apt. 203
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:     Amy Venesile
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113



EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Dwjuam Parham, appeals from his convictions and sentence following a guilty plea.   He raises the following assignments of error for review:

> 1.  The trial court erred by accepting appellant's guilty plea to felonious assault when appellant's statements indicated a lack of understanding of the nature of the offense.
>
> 2.  The trial court erred by failing to forewarn appellant that it would not be bound by any sentencing agreement and by imposing maximum prison sentences in the absence of evidence that appellant committed the worst form of the offenses.
>
> 3.  Defense counsel rendered ineffective assistance by failing to follow through on his agreement to recommend a five-year prison sentence and for remaining silent when the trial court imposed the maximum sentence of 11 years.
>
> 4.  Defense counsel's failure to object to hostile comments from the bench constituted ineffective assistance.

**{¶2}** After careful review of the record and relevant case law, we affirm Parham's convictions and sentence.

## I. Procedural and Factual History

**{¶3}** In September 2016, Parham approached a female who was walking alone in an open field in Cleveland, Ohio. According to the state, Parham pointed a handgun at the female, said "it ain't worth it," and repeatedly fired the weapon. Ultimately, the victim survived, but was shot nine times. After the victim fell to the ground, Parham took $175 in cash from her pockets.

**{¶4}** In March 2017, Parham was named in a five-count indictment, charging him with attempted murder, two counts of aggravated robbery, and two counts of felonious assault. Each count contained one- and three-year firearm specifications.

**{¶5}** In June 2017, Parham pleaded guilty to an amended count of attempted aggravated robbery in violation of R.C. 2923.02 and 2911.01(A)(1); and felonious assault in violation of R.C. 2903.11(A)(2), with a three-year firearm specification. The remaining counts were nolled.

**{¶6}** Following a Crim.R. 11 colloquy, the trial court accepted Parham's guilty plea and directly proceeded with sentencing. Upon questioning Parham about his motives, the trial court imposed an eight-year prison sentence on the attempted aggravated robbery offense, to run concurrently with an eight-year prison term imposed on the felonious assault offense. The eight-year sentence imposed on the felonious assault offense was ordered to be served consecutively with the attendant three-year firearm specification, for a total prison term of 11 years.

**{¶7}** Parham now appeals from his convictions and sentence.

## II. Law and Analysis

### A. Nature of the Offenses

{¶8} In his first assignment of error, Parham argues the trial court erred by accepting his guilty plea to felonious assault when his statements indicated that he did not understand the nature of the offense.

{¶9} When a defendant enters a plea in a criminal case, "the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *Id.* The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

{¶10} As relevant here, Crim.R. 11(C)(2)(a) provides that, before a trial court may accept a guilty plea, the court must first address the defendant personally and determine:

> that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶11} Thus, Crim.R. 11(C)(2)(a) requires the trial court to ensure that, before a defendant pleads guilty to a felony, he or she understands (1) the nature of the charges; (2) the maximum penalty involved, and, if applicable; (3) that the defendant is not eligible for community control sanctions, i.e., prison is mandatory.

**{¶12}** The reviewing court conducts a de novo review to determine whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26. A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Where the issue concerns a nonconstitutional requirement, such as whether the defendant understood the nature of the charges or the maximum penalties for the offenses, we review for substantial compliance. *See State v. Jordan*, 8th Dist. Cuyahoga No. 103813, 2016-Ohio-5709, ¶ 46, citing *Veney* at ¶ 14-17.

**{¶13}** "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). "[A] slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *Nero* at 108.

**{¶14}** If an appellate court finds that a trial court did not substantially comply with a requirement of Crim.R. 11(C)(2)(a), which governs the advisement of nonconstitutional rights, the appellate court must make a further determination as to whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Clark* at ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect, i.e., "'whether the plea would have otherwise been made.'" *Id*., quoting *Nero* at 108. If,

however, the trial court completely failed to comply, the plea must be vacated because "'[a] complete failure to comply with the rule does not implicate an analysis of prejudice.'" *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶15} In challenging the validity of the plea colloquy, Parham argues that the trial court failed to ensure that he understood the nature of the felonious assault charge when the record reflects that "neither the prosecutor's narrative nor the court mentioned the statutory elements of the offenses that [he] was pleading guilty to." In addition, Parham relies on statements he made during the sentencing hearing to suggest that he did not understand the mens rea element of "knowingly" for felonious assault.

{¶16} In determining whether a defendant is making a plea with an understanding of the nature of the charge, a trial court is not necessarily required to advise the defendant of the elements of the crime or to specifically ask the defendant if he understands the charge, provided the totality of the circumstances support the trial court's determination that the defendant understands the charge. *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 14, citing *State v. Esner*, 8th Dist. Cuyahoga No. 90740, 2008-Ohio-6654, ¶ 3; *State v. Carpenter*, 8th Dist. Cuyahoga No. 81571, 2003-Ohio-3019, ¶ 2. Indeed, "[w]here a defendant indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him." *State v. Wangul*, 8th Dist. Cuyahoga No. 84698, 2005-Ohio-1175, ¶ 10, citing *State v. Dickey*, 7th Dist. Carroll No. 03 CA 94, 2004-Ohio-3198, ¶ 11.

{¶17} A review of the plea-hearing transcript in this case supports a determination that Parham understood the nature of the charges against him. The record reflects that the trial court

began its Crim.R. 11 colloquy by having the prosecutor outline the terms of the plea agreement and the charges to which Parham would plead guilty. The trial court then went on to explain the constitutional and nonconstitutional rights Parham would be waiving by entering a guilty plea. At that point, the trial court identified the charges and accompanying specifications, stating, in pertinent part:

> By proceeding here today, you're pleading guilty to amended attempted aggravated robbery, deleting the firearm specification. It would be a felony of the second degree punishable by two to eight years and a $15,000 fine.
>
> You're also pleading guilty to felonious assault in [c]ount five with a firearm spec. * * * Three-year firearm specification. Punishable by two to eight with the three year firearm specification.
>
> These offenses, as far as this court is concerned, are not probational. You plead here today, you're going to prison. The only promise I will make you is I won't consecutively sentence you.

{¶18} The trial court then asked Parham to answer general questions, including whether he was under the influence of drugs, alcohol, or medication; whether he had any questions about his plea; and whether he was "freely, knowledgably, and voluntarily" entering the plea. Parham responded appropriately to each question and affirmatively stated that he had no questions for the court.

{¶19} Contrary to Parham's position on appeal, there is nothing in the transcript from the plea hearing to suggest that Parham was confused or otherwise did not understand the nature of the offenses. Moreover, our review of the trial court's compliance with Crim.R. 11 is limited to the transcript of the plea hearing. Any statements made by Parham during his sentencing hearing would not provide this court with a basis to conclude that Parham did not understand the nature of the charges. *See State v. Cookson*, 2d Dist. Montgomery No. 13368, 1993 Ohio App. LEXIS 2797, 9-10 (June 1, 1993), quoting *State v. Hartwell*, 2d Dist. Montgomery No. 11422, 1989 Ohio

App. LEXIS 4684, 7-8 (Dec. 13, 1989). ("[A]ppellant's claim that the trial court erred in accepting appellant's plea because it was not voluntarily made with an understanding of the nature of the charges 'is limited [to] the record as it existed at the time the trial court accepted his guilty plea * * *.'") Accordingly, the trial court had no obligation to explain the substantive elements of the charges in detail and further inquiry was not required to ensure that Parham understood the felonious assault offense.

{¶20} Under the totality of these circumstances, the record demonstrates that Parham subjectively understood the nature of the felonious assault offense. Accordingly, we find the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a).

{¶21} Parham's first assignment of error is overruled.

## B. Recommended Sentence

{¶22} In his second assignment of error, Parham argues his plea was not voluntarily made because the trial court failed to forewarn him that the court would not be bound by any sentencing agreement recommended by the parties.

{¶23} A trial court is vested with sound discretion when implementing plea agreements. *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.), citing *Akron v. Ragsdale*, 61 Ohio App.2d 107, 399 N.E.2d 119 (9th Dist.1978).

{¶24} A plea agreement is generally "contractual in nature and subject to contract-law standards." *State v. Butts*, 112 Ohio App.3d 683, 679 N.E.2d 1170 (8th Dist.1996). Plea agreements should be construed strictly against the government. *United States v. Fitch*, 282 F.3d 364 (6th Cir.2002). "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

"When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." *State v. Legree*, 61 Ohio App.3d 568, 573 N.E.2d 687 (6th Dist.1988). A prosecutor's failure to comply with the terms of the plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutionality of a conviction based upon that plea. *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

{¶25} In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. *State v. Latimore*, 8th Dist. Cuyahoga No. 92490, 2010-Ohio-1052, ¶ 7. Therefore, we must identify the terms of the purported plea agreement before we can determine if the state or the trial court breached the agreement.

{¶26} On appeal, Parham "maintains that as a condition of the oral plea agreement, he was promised that [defense] counsel would recommend a five-year prison sentence." Thus, he asserts that the trial court erred by failing to advise him that the court would not be bound by such a sentencing agreement. In support of his position, Parham relies on a lineage of cases from this court that hold that a trial court may only impose a sentence greater than that forming the inducement for the defendant to plead guilty when the court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor. *See, e.g., State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 115. For the reasons that follow, we find Parham's reliance on the foregoing proposition of law to be inapplicable to the facts of this case.

{¶27} In this case, the transcript is devoid of any reference to a sentencing agreement or any indication that the state agreed to jointly recommend a five-year prison sentence as part of the

plea agreement. The transcript of the plea hearing contains statements by the prosecutor relaying the terms of the plea agreement to the court. Significantly, the prosecutor never mentioned an agreed-upon sentence, nor did defense counsel object to the terms as provided by the prosecutor. Beyond the dismissal of Counts 1, 3, and 4, the only stipulation referenced by the prosecutor was the parties' agreement that the attempted aggravated robbery and felonious assault counts would not merge. In addition, the trial court promised Parham during the plea colloquy that it would not impose consecutive sentences. On appeal, the state maintains that a sentencing agreement did not exist.

{¶28} After careful review, we find nothing in the record that can be reasonably construed as creating a contractual obligation by the state or the trial court to sentence Parham to a specific sentence in exchange for his guilty pleas. Accordingly, the trial court had no obligation to forewarn Parham that it would not be bound by a jointly recommended sentence.

{¶29} We further note, to the extent that Parham contends that he mistakenly believed he would receive a sentence of five years by the trial court, we find nothing in the record to establish such a belief. *See State v. Penrod*, 6th Dist. Lucas No. L-16-1152, 2017-Ohio-773. In *State v. Hooks*, 92 Ohio St.3d 83, 748 N.E.2d 528 (2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *Id*. at 83. Thus, this court is not permitted to consider any factual assertions raised in Parham's appellate brief relating to conversations or representations that were made to him by defense counsel off the record.

{¶30} Parham's second assignment of error is overruled.

### C. Ineffective Assistance of Counsel

**{¶31}** In his third assignment of error, Parham argues defense counsel rendered ineffective assistance of counsel during the plea hearing by failing "to follow through on his agreement to recommend a five-year prison sentence and for remaining silent when the trial court imposed the maximum sentence of eleven years." In his fourth assignment of error, Parham contends that counsel's failure "to object to hostile comments from the bench constituted ineffective assistance of counsel." We consider these assignments of error together for judicial clarity.

**{¶32}** Under certain circumstances, ineffective assistance of counsel can constitute a manifest injustice warranting a withdrawal of a guilty plea. *State v. Montgomery*, 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, ¶ 4. However, where a defendant enters a guilty plea, he or she waives ineffective assistance of counsel except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11.

> A defendant who has entered a guilty plea can prevail on a claim of ineffective assistance of counsel only by demonstrating (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, that caused the defendant's guilty plea to be less than knowing, intelligent and voluntary and (2) that there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have pled guilty to the offenses at issue and would have, instead, insisted on going to trial.

*Id.* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶33}** As discussed, Parham maintains that defense counsel promised to recommend a five-year sentence as a condition of the plea agreement. However, these discussions are not part of the trial record. The law is well settled that "'when allegations of ineffective assistance of

counsel hinge on facts not appearing in the record, the proper remedy is a petition for postconviction relief rather than direct appeal.'" *State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651, ¶ 59, quoting *State v. Curtis*, 8th Dist. Cuyahoga No. 89412, 2008-Ohio-916, ¶ 8. Accordingly, this court is unable to review the basis of Parham's claim that counsel rendered ineffective assistance of counsel by failing to comply with a promise made to Parham off the record.

{¶34} Parham further alleges that counsel rendered ineffective assistance of counsel by failing to object to allegedly hostile comments made by the trial court during the plea hearing. The challenged comments include (1) the trial court asking Parham where he lives "when [he]'s not in jail," (2) the trial court's critique of Parham's prior employment as a door-to-door salesman, and (3) the trial court's repeated reprimand of Parham for failing to look at the court during the plea colloquy.

{¶35} After careful review, we are unable to conclude that the challenged comments rose to the level of judicial bias or impaired the validity of Parham's plea. Although the trial court's comments may have been unnecessary, Parham has failed to articulate how counsel's failure to object to the trial court's statements caused his guilty plea to be less than knowing, intelligent, and voluntary. Furthermore, Parham has failed to establish that, but for counsel's failure to object, he would not have pled guilty to the offenses and would have insisted on going to trial.

{¶36} Accordingly, Parham's third and fourth assignments of error are overruled.

{¶37} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR