[Cite as *State v. Holliman*, 2025-Ohio-1187.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                             No. 114280

    v.                                      :

HARRY HOLLIMAN, JR.,                    :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  April 3, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-688283-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Chauncey Keller, Assistant Prosecuting
Attorney, *for appellant.*

P. Andrew Baker, *for appellee.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the trial court's imposition of sentence on the one-year firearm specification attendant to the sole count on which the defendant-appellee, Harry Holliman, Jr., was found guilty of

after a jury trial, that being, discharging a firearm on or near prohibited premises.[1] After a thorough review of the facts and pertinent case law, we affirm.

**Factual and Procedural Background**

{¶ 2} Holliman was charged in a five-count indictment stemming from a December 2023 incident he was involved in with a former friend, David Wright. The incident involved Holliman going to Wright's house and knocking on the door. Wright answered the door and told Holliman to leave. As Holliman was leaving, he fired shots from a revolver he had on his person; two shots were fired into the air and one shot was fired at Wright's house. In addition to Wright being home, Wright's girlfriend and a minor grandchild were also at home when the incident occurred.

{¶ 3} Holliman was charged with three counts of felonious assault and one count each of discharging a firearm into a habitation or school and discharging a firearm on or near prohibited premises. All the counts contained one- and three-year firearm specifications. The jury found Holliman guilty of discharging a firearm on or near prohibited premises and the one- and three-year firearm specifications. The trial court sentenced Holliman to nine months on the underlying charge and one year on the firearm specification. The State objected to sentence on the firearm specification. The State appeals and raises the following sole assignment of error for

---

[1] Holliman challenges his conviction and the imposition of postrelease control in a companion appeal, 8th Dist. Cuyahoga No. 114286.

our review: "The trial court erred by imposing sentence on the one-year firearm specification."

**Law and Analysis**

{¶ 4} In its sole assignment of error, the State contends that the trial court was bound to sentence Holliman to three years for the guilty finding on the firearm specifications. We disagree.

{¶ 5} R.C. 2941.145 governs three-year firearm specifications, which is appropriate when an offender brandishes, displays, indicates possession of, or uses a firearm while committing an offense. R.C. 2941.141 governs one-year firearm specifications, which is appropriate when an offender possesses a firearm while committing an offense.

{¶ 6} Generally, a trial court may impose only one prison term on firearm specifications of the type at issue here for felonies committed as part of the same act or transaction. *State v. Beatty*, 2024-Ohio-5684, ¶ 10, citing R.C. 2929.14(B)(1)(b). Specifically, R.C. 2941.141(B) precludes the imposition of a one-year firearm specification sentence if a three-year firearm specification sentence is imposed with respect to the same underlying felony and R.C. 2941.145(B) precludes the imposition of a three-year firearm specification if a one-year sentence is imposed with respect to the same underlying felony. An exception is found in R.C. 2929.14(B)(1)(g); the exception is inapplicable to this case.[2] The statute does not provide that one firearm

---

[2] The exception deals with a plea or conviction to two or more felonies when the felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape. *See* R.C. 2929.14(B)(1)(g).

specification over the other must be imposed; rather, other than the exception set forth in R.C. 2929.14(B)(1)(g), it merely states that more than one firearm specification cannot be imposed for the same underlying felony offense. The State has not presented any contra authority.

{¶ 7} In a case on point with this case, the Sixth District Court of Appeals held that it was not error for the trial court to impose a sentence on a one-year firearm specification where the offender was also found guilty of a three-year firearm specification attached to the same count. *State v. Chears*, 2022-Ohio-861, ¶ 1 (6th Dist.). The *Chears* Court reasoned that "the legislature did not insert any statutory language under either R.C. 2941.141(B) or R.C. 2941.145(B) to elevate the three-year sentence enhancement over the one-year sentence enhancement or to automatically except the one-year sentence enhancement in light of the three-year sentence enhancement." *Id*. at ¶ 38.

{¶ 8} The State contends that the trial court should have imposed the three-year firearm specification because doing so would have been in alignment with the legislative intent of punishing offenders who use firearms during the commission of a crime. It is true that, in construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.*, 63 Ohio St.3d 590, 594 (1992). And it is equally true and a well-established tenet of the law that, in determining the legislative intent, a court must look to the language of the statute. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 104 (1973). Words used in a statute are to be given their usual, normal, and customary meaning. *State ex rel. Pennington*

*v. Gundler*, 75 Ohio St.3d 171, 173 (1996). Further, unless a statute is ambiguous, the court must give effect to the plain meaning of a statute. *Id.*

{¶ 9} The language of the applicable statutes at issue here is plain: if the trial court imposes a three-year firearm specification, then it may not also impose the one-year specification. If the trial court imposes the one-year specification, then it may not impose the three-year specification. R.C. 2941.141(B); R.C. 2941.145(B). The General Assembly did not state that a trial court must only and always order the three-year specification in a case such as this — if it had intended that, it would have written it into the relevant statutes. The lack of limiting language in a statute permits its broad interpretation. *State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 73-74 (1974).

{¶ 10} We are also not persuaded by the State's attempt to analogize sentencing on firearm specifications to sentencing on allied offenses, where the State picks which count to proceed on after merger. Firearm specifications are sentencing enhancements, not separate criminal offenses. *State v. Young*, 2018-Ohio-3047, ¶ 33 (8th Dist.), citing *State v. Williams*, 2003-Ohio-3950, ¶ 19-21 (8th Dist.). Because firearm specifications are not separate offenses, they cannot be allied offenses of similar import for the purposes of R.C. 2941.25, the allied offenses statute. *State v. Blankenship*, 102 Ohio App.3d 534, 547 (12th Dist. 1995). Thus, the State's attempt to categorize gun specifications as the same as allied offenses is not well taken.

**{¶ 11}** Indeed, when trial courts have erred by imposing a sentence on both a one- and three-year firearm specification attached to one count, the remedy is to "reverse the sentences on the firearm specifications and remand the cause to the trial court to sentence [the defendant] *on one of the firearm specifications*." (Emphasis added.) *State v. Watts*, 2023-Ohio-1394, ¶ 21 (1st Dist.). The relevant statutes do not dictate on which firearm specification an offender in a situation such as here must be sentenced, and we give "effect to the legislature's intent by simply applying the law as written." *State v. Faggs*, 2020-Ohio-523, ¶ 15.

**{¶ 12}** On this record, the State's sole assignment of error is without merit and is overruled.

**{¶ 13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EMANUELLA D. GROVES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR