[Cite as *State v. Crenshaw*, 2026-Ohio-186.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                    No. 115006

    v.                            :

RAYMOND CRENSHAW, JR.,                  :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 22, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-696472-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Sarah E. Hutnik and Brian Callahan, Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Rick Ferrara, Assistant Public Defender, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Raymond Crenshaw, Jr. ("Crenshaw") appeals his conviction for unlawful possession of dangerous ordnance and sentence to a prison term of six and one-half years. After a thorough review of the facts and the law, we affirm.

## I. Procedural History

{¶ 2}  On October 29, 2024, Crenshaw was one of three defendants named in a ten-count indictment.  Crenshaw was charged with three counts: Count 8, carrying a concealed weapon, a fourth-degree felony, in violation of R.C. 2923.12(A)(2); Count 9, unlawful possession of dangerous ordnance, a fifth-degree felony, in violation of R.C. 2923.17(A), with one- and six-year firearm specifications under R.C. 2941.141(A) and 2941.144(A), respectively; and Count 10, obstructing official business, a second-degree misdemeanor, in violation of R.C. 2921.31(A).  All charges were accompanied by a specification for forfeiture of a weapon, under R.C. 2941.1417(A).

{¶ 3}  On February 11, 2025, Crenshaw pled guilty to Count 9, unlawful possession of dangerous ordnance, with a six-year firearm specification under R.C. 2941.144(A).  The State nolled all other counts and specifications.

{¶ 4}  That same day, the court held a sentencing hearing at which it imposed upon Crenshaw a prison term of six years on the firearm specification and six months on the underlying offense, for a total of six and one-half years.

{¶ 5}  Crenshaw appeals, raising the following assignment of error:

> Defense counsel rendered constitutionally ineffective assistance by advising the defendant to enter a plea based on a misunderstanding of sentencing law, unnecessarily and prejudicially guaranteeing that the defendant would receive a mandatory consecutive prison sentence of six years.

## II. Law and Analysis

**{¶ 6}** To establish ineffective assistance of counsel, a defendant must show that his attorney was deficient, i.e., that counsel made errors so serious that they were not functioning as counsel guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's errors must also have prejudiced the defense, meaning that the defendant did not receive a fair trial. *Id.* To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶ 7}** Where a defendant enters a guilty plea, he or she waives a claim of ineffective assistance of counsel except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Parham*, 2018-Ohio-1631, ¶ 32 (8th Dist.), citing *State v. Williams*, 2014-Ohio-3415, ¶ 11 (8th Dist.). A defendant who has entered a guilty plea can prevail on a claim of ineffective assistance of counsel only by demonstrating the following:

> "(1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, that caused the defendant's guilty plea to be less than knowing, intelligent and voluntary and (2) that there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have pled guilty to the offenses at issue and would have, instead, insisted on going to trial."

*Id.*, quoting *id.*, citing *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), and *Hill v. Lockhart*, 474 U.S. 52 (1985).

{¶ 8} "To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)." *Parham* at ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty." *Id.*, citing *State v. Schmick*, 2011-Ohio-2263, ¶ 5 (8th Dist.).

{¶ 9} Crim.R. 11(C)(2)(a) requires, in relevant part, that a court ensure that a defendant understands the nature of the charges against him and of the maximum penalty involved before he enters a guilty plea. Crim.R. 11(C)(2)(b) requires that the court inform a defendant of the effect of a guilty plea, which Crim.R. 11(B)(1) establishes is a "complete admission of the defendant's guilt." Finally, Crim.R. 11(C)(2)(c) requires a court to inform a criminal defendant that he has a right to trial, right to confront and cross-examine the State's witnesses, right to subpoena and call his own witnesses, right to have the State prove his guilt beyond a reasonable doubt, and a right to decline to testify.

{¶ 10} The record does not indicate that trial counsel caused Crenshaw's plea to be less than knowing, voluntary, and intelligent. As required by

Crim.R. 11(C)(2)(a), the court explained the possible prison terms that Crenshaw could receive under the plea agreement, as follows:

> The Court: So at a minimum, the Court could give you or would give you the six years and we already talked about that minimum sentence being six months. Do you understand that, sir?
>
> The Defendant: Yes, sir.
>
> The Court: Or 7, 8, 9, 10, 11, or even 12 months. Do you understand that, sir?
>
> The Defendant: Yes, sir.
>
> The Court: So your maximum exposure . . . could be seven years. Do you understand that, sir?"
>
> The Defendant: Yes, sir.

{¶ 11} Regarding the nature of the offenses against him and the impact of a guilty plea, under Crim.R. 11(C)(2)(a) and (b), respectively, the court explained that "by entering into a plea of guilty to this amended indictment you are admitting to . . . your full guilt," as to "Count 9, unlawful possession of a dangerous ordnance, a felony of the fifth degree along with the six-year firearm specification." Crenshaw replied, "Yes, sir." The court then informed Crenshaw that, by pleading guilty, he forfeited his right to trial, among his other rights under Crim.R. 11(C)(2)(c), all of which Crenshaw stated that he understood.

{¶ 12} In support of his claim that trial counsel was ineffective, Crenshaw argues that he would have been "better off pleading to the indictment" than accepting the plea agreement that his attorney negotiated. He contends that, under the indictment, the court could have sentenced him on the one-year firearm

specification, while under the plea agreement, it was required to sentence him on the six-year specification.[1]

{¶ 13} We acknowledge that the plea agreement required the court to sentence Crenshaw to the greater firearm specification. However, we do not find that Crenshaw has demonstrated that he was prejudiced thereby. Nothing in the record suggests that, absent the plea agreement, Crenshaw would have been sentenced on the one-year firearm specification. To the contrary, the record indicates that the State would have opposed such a sentence. Trial counsel for Crenshaw stated that he escalated this issue "all the way up to the Cuyahoga County Prosecutor" and learned that "his policy is to not remove the six-year firearm spec[ification] for any reason."

{¶ 14} The court's statements also do not demonstrate a reasonable probability that, absent the plea agreement, Crenshaw would have been sentenced on the lesser specification. The court stated the following regarding Crenshaw's sentence: "One thing is for sure: [t]here won't be guns in [prison, and] in a strange way, it might be that you are going to have a longer life. Because out on the streets . . . I would be concerned about you . . . I think that you are going to learn a lot more, and in a strange way, you are going to be safer." Based on the record before us, we

---

[1] We note that whether the State or the court elects certain firearm specifications for sentencing is the basis of an appeal currently pending before the Ohio Supreme Court. *See State v. Holliman, 08/05/2025 Case Announcements*, 2025-Ohio-2749. In *Holliman*, this court affirmed the trial court's decision — over the State's objection — to sentence a defendant on a one-year firearm specification, rather than on a three-year specification. *State v. Holliman*, 2025-Ohio-1187, ¶ 9-11 (8th Dist.).

cannot say that there is a reasonable probability that anything counsel did or failed to do would have changed the outcome of this case.

{¶ 15} Crenshaw has also not demonstrated that his attorney's performance was deficient. The record includes no information as to what actions, if any, Crenshaw's counsel advised him to take before he pled guilty. The court asked Crenshaw whether he and counsel "talk[ed] about the possibility of going to trial versus pleading guilty" and whether he was "satisfied with the services of [his] lawyer." Crenshaw answered both questions affirmatively. As described above, the court then gave a full plea colloquy, satisfying Crim.R. 11, after which Crenshaw pled guilty. Under these circumstances, Crenshaw has not demonstrated deficient performance.

{¶ 16} Accordingly, Crenshaw's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, A.J., and
DEENA R. CALABRESE, J., CONCUR