[Cite as *State v. Faggs*, 2018-Ohio-3643.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 17 CAA 10 0072 |
| CLINTON D. FAGGS, III | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  17 CR I 07 0386


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 11, 2018


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CAROL HAMILTON O'BRIEN                JONATHAN T. TYACK
PROSECUTING ATTORNEY                  RYAN L. THOMAS
KIMBERLY E. BURROUGHS                 HOLLY B. CLINE
ASSISTANT PROSECUTOR                  THE TYACK LAW FIRM CO., LPA
140 North Sandusky Street             536 South High Street
Delaware, Ohio  43015                 Columbus, Ohio  43215

*Wise, P. J.*

{¶1}    Defendant-Appellant Clinton D. Faggs III appeals his convictions, in the Court of Common Pleas, Delaware County, for domestic violence and assault. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows:

{¶2}    At the time of the events in question in this matter, appellant was living with his girlfriend, H.K. in Delaware, Ohio. H.K. has a son, T.M., seven years old at the times pertinent to this appeal, from a prior relationship. Appellant is also the non-custodial parent of two children from another relationship. Appellant and H.K. also have a four-year-old child together.

{¶3}    In early 2017, T.M. had been having behavior issues at his school and at home. Appellant generally acted as a disciplinarian and authority figure in the home, even though he was not T.M.'s father.

{¶4}    On January 11, 2017, T.M. misbehaved at school and was brought back home by the principal while classes were still in session. Two days later, on January 13, 2017, officials at T.M.'s school directed that he go home early because he had damaged a computer. H.K. went to the school and picked up T.M. at about 2:30 PM. When they arrived back home, H.K. went upstairs to her bedroom. She heard appellant verbally scolding T.M. and some "scuffling" noises.

{¶5}    At some point, appellant grabbed T.M. and procured a cord from an Xbox computer game system, as further discussed *infra*. Among other things, appellant whipped the child with the cord several times, striking him in the arms and legs. H.K. contacted law enforcement the next day. In addition, H.K. reported a few days later that she had been involved in a physical altercation with appellant.

**{¶6}** Via an indictment filed July 7, 2017, appellant was charged with domestic violence and misdemeanor assault (Counts I and II) against T.M. The State also alleged that appellant committed domestic violence and misdemeanor assault (Counts III and IV) against his girlfriend H.K., the mother of T.M. The two domestic violence counts were charged as felonies of the third degree based on appellant's record of prior offenses, as per R.C. 2919.25(D)(4).

**{¶7}** The matter proceeded to a bench trial on August 17, 2017. The State presented four witnesses: H.K., T.M., Officer Derek Childs of the Delaware City Police Department, and Officer Allison Castrilla of the Sunbury Police Department.[1]  Appellant also testified in his own defense.

**{¶8}** After hearing the evidence and the arguments, the trial court found appellant guilty of domestic violence and assault against the child, T.M., but not guilty of domestic violence and assault against H.K. On September 27, 2017, the trial court sentenced appellant to four years of community control.

**{¶9}** Appellant filed a notice of appeal on October 27, 2017. He herein raises the following three Assignments of Error:

**{¶10}** "I.  THE TRIAL COURT'S VERDICT IS NOT SUSTAINED BY SUFFICIENT EVIDENCE.

**{¶11}** II.  THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

---

[1]  Officer Castrilla's testimony went to the alleged domestic violence against H.K. Those incidents are not the focus of this appeal.

{¶12} "III. THE TRIAL COURT'S VERDICT VIOLATES A PARENT'S FUNDAMENTAL LIBERTY INTEREST IN RAISING AND CONTROLLING HIS CHILD UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE NINTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION."

I.

{¶13} In his First Assignment of Error, appellant argues his convictions for domestic violence and assault were not supported by sufficient evidence. We disagree.[2]

{¶14} In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. It is well-established that the State bears the burden of establishing each and every element of a charged crime and must do so with proof beyond a reasonable doubt. *See In re L.R.*, 8th Dist. Cuyahoga No. 93356, 2010–Ohio–15, 2010 WL 27862, ¶ 11.

{¶15} R.C. 2919.25(A) states as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶16} However, "*** proper and reasonable parental discipline can be employed by a defendant as an affirmative defense to a charge of domestic violence." *State v. Hart*, 110 Ohio App.3d 250, 254, 673 N.E.2d 992, 994 (3rd Dist.1996). But our analysis of this issue in the present context is limited: "[T]he due process 'sufficient evidence' guarantee

---

[2]  The trial court merged the assault count into the domestic violence count by stating that "[n]o sentence [is] imposed pursuant R.C. 2941.25" as to Count II. Sentencing Entry at 4.  Appellant's arguments thus center on the offense of domestic violence.

does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *State v. Hancock,* 108 Ohio St.3d 57, 2006–Ohio–160, ¶ 37, citing *Caldwell v. Russell* (C.A.6, 1999), 181 F.3d 731, 740, abrogated on other grounds (internal quotations omitted).

**{¶17}** In the case *sub judice*, the State presented evidence during the bench trial that on January 13, 2017, T.M.'s misbehavior interrupted appellant's plans that day to pick up his daughter in Marion, Ohio, who had become sick at her school. Appellant decided to physically punish T.M., apparently at the behest of H.K. Testimonial evidence was presented that appellant grabbed T.M. by the throat, lifted him from the floor by his neck, "slammed" him against an interior wall, slapped him in the face five to six times, and whipped him with a rubber-coated Xbox cord. *See* Tr. 94-123 (testimony of T.M.). The State also presented photographic exhibits of the visible marks and bruising that T.M. sustained, as well as photographs of slight damage to the apartment at the point where T.M. testified he was slammed into a wall. *See* Exhibits 1-19.

**{¶18}** It is not disputed that T.M. was a household member or that appellant was acting *in loco parentis* during the events at issue. *See* Appellant's Brief at 8. Appellant seems in large measure to urge that the evidence was insufficient because of a lack of medical treatment or a demonstration of "serious physical harm." *See* Appellant's Brief at 8, 16. However, the General Assembly has utilized the term "physical harm" in the domestic violence statute, which is defined in R.C. 2901.01(A)(3), as to persons, as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." *See, e.g.*, *State v. Reynolds*, 10th Dist. Franklin No. 03AP-701, 2004-Ohio-3692, ¶ 14.

**{¶19}** As summarized above, upon review of the record and transcript in a light most favorable to the prosecution, we find that a reasonable factfinder could have found appellant guilty beyond a reasonable doubt of the offense of domestic violence against the child as charged.

**{¶20}** Appellant's First Assignment of Error is overruled.

II.

**{¶21}** In his Second Assignment of Error, appellant argues his convictions for domestic violence and assault were against the manifest weight of the evidence. We disagree.

**{¶22}** Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. *See, also*, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717. Even though a manifest weight analysis may involve an appellate court's consideration of credibility (*see State v. Sanders*, 76 N.E.3d 468, 2016–Ohio–7204 (5th Dist.), ¶ 38), the weight to be given to the evidence and the credibility of the witnesses are primarily issues for the trier of fact (*see, e.g.*, *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180).

**{¶23}** In the case *sub judice*, the trial court acknowledged at the end of the case that T.M. was "obviously a challenging child." Tr. at 249. It is also undisputed that prior to the incident, appellant and H.K. had attempted other methods of disciplining T.M., including non-corporal punishment, positive reinforcement, "boot camp", and medication. Tr. at 175. T.M. testified that it did not hurt him when H.K. had "whooped" him on prior occasions. Tr. at 119.

**{¶24}** The record before us strongly suggests the trial court relied in large measure upon the testimony of the child victim and correspondingly discounted the testimony of H.K. and appellant for want of credibility. *See, e.g.,* Tr. at 247. T.M. recalled at trial: "I had marks on my arms from [appellant] whooping me with a controller cord, and he picked me up, choked me, slammed my head against the wall, and made a hole in the wall before he hit me with the controller cord." Tr. at 97. We recognize the overall testimony is inconsistent as to where the whipping took place: T.M. testified that it happened downstairs in the living room, while H.K. and appellant placed this action upstairs. Furthermore, appellant, in his defense testimony, insisted that he did not mean to whip T.M.'s arms or lower legs, but the child's movements and running caused the cord to come into contact with those areas instead of the child's backside. *See* Tr. at 186, 214.

**{¶25}** In raising his "manifest weight" challenge, appellant emphasizes *inter alia* that Officer Childs, who investigated the report the next day, did not observe marks around the neck or throat of the child consistent with a choking assault, nor did he observe petechiae on or near the eyes. Tr. at 145-146. The officer also did not observe marks or bumps on the child's head indicative of striking a wall. *Id.* Appellant also points out that when T.M. reported to the officer that a small hole in the wall, about five feet up, had been

caused by appellant "banging" the child's head, it caught H.K. off guard, as she had not heard T.M. say anything about the damage before that. *See* Tr. at 89.[3] In essence, appellant charges that a seven-year-old child who purportedly "has a history of lying, being spiteful, and generally behaving in an unacceptable manner" might very well make questionable accusations against a parental figure with whom he is angry, without necessarily appreciating the effect of his actions. Appellant's Brief at 21.

**{¶26}** It is noteworthy in our analysis that the trial court orally reached the following conclusions: "The court, as far as [the] burden of proof here, certainly I think that if the burden of proof's on the defense by a preponderance, they have not met the burden of proof. If the State [*sic*] burden of proof is to show that it's unreasonable, the court would find they have met that burden of proof." Tr. at 251. Upon review, despite the aforecited discrepancies in the testimony, we find the trial court, in rejecting appellant's claim of reasonable parental discipline, did not clearly lose its way and create a manifest miscarriage of justice requiring that appellant's conviction for domestic violence be reversed and a new trial ordered.

**{¶27}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶28}** In his Third Assignment of Error, appellant contends the trial court's verdict violates a parent's fundamental liberty interest in raising and controlling his or her child.

**{¶29}** Appellant's present argument goes to the question of burden of proof in the prosecution of charges of domestic violence (R.C. 2919.25(A)) and assault (R.C.

---

[3] Appellant also proposes that the hole was caused by T.M. and/or his younger brother throwing toy Matchbox cars at the wall.

2903.13(A)), where parental corporal punishment is at issue. We note that "where the use of corporal punishment is not descriptive of the offense and not even mentioned in the statute, it is not a part of the state's burden of proof." *Hart*, *supra*, at 254, f.n. 2. We have recognized that where an alleged incident of domestic violence occurs between a parent and child, the parent may raise parental discipline as an affirmative defense. *See State v. Durbin*, 5th Dist. Holmes No. 13 CA 2, 2013-Ohio-5147, ¶ 25, citing *State v. Luke,* 3rd Dist. Union No. 14–10–26, 2011–Ohio–4330, ¶ 21. *See, also, State v. Dunlap*, 5th Dist. Licking No. 95-CA-2, 1995 WL 556990.

**{¶30}** Appellant essentially urges that we overturn *Durbin* and *Dunlap* on the theory that their "affirmative defense" approach violates the fundamental liberty interest of parents in the care, custody and control of their children.

**{¶31}** However, while both sides in the present appeal have commendably briefed the issue, this Court has maintained that failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue on appeal. *State v. Ivery,* 5th Dist. Stark No. 2005CA00270, 2006–Ohio–5548, ¶ 44, quoting *State v. Awan* (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus. In the instant case, we note the trial court judge, in response to appellant's motion for acquittal at the close of the State's evidence, asked defense counsel: "Who has the burden of proof on [the] reasonable parental discipline question?" Tr. at 166. After some discussion, appellant's defense counsel stated: "But in all candor, I believe the Fifth District has spoken and said it's an affirmative defense." Tr. at 166-167. Our review of the trial court file and the trial transcript reveals no attempt to otherwise advance the constitutional challenges herein presented by appellant, other than the

general assertion of the holding of the Seventh District Court of Appeals in *State v. Rosa*, 7th Dist. Mahoning No. 12 MA 60, 2013-Ohio-5867, 6 N.E.3d 57.

**{¶32}** Certainly, application of the *Awan* waiver doctrine is discretionary. *See In re M.D.,* 38 Ohio St.3d 149 (1988). However, the United States Supreme Court has held that due process of law is not denied to a defendant by the State's placement of the burden of proof or persuasion of an affirmative defense on the defendant, so long as the prosecution remains required to prove all elements of the underlying criminal offense by proof beyond a reasonable doubt. *See Patterson v. New York,* 432 U.S. 197, 202-07, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Moreover, appellant herein provides scant authority for the proposition that an individual temporarily acting *in loco parentis* acquires a full panoply of parental constitutional rights. *Cf. In re Brown*, 153 Wash.2d 646, 652, 105 P.3d 991, 994 (2005) (wherein the Washington Supreme Court stated that no case in that state "recognizes that nonparents are guaranteed the fundamental rights of parents under the doctrine of in loco parentis.") Finally, the Ohio Supreme Court has aptly held that any departure from the doctrine of *stare decisis* demands special justification. *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 44 (internal quotations omitted).

**{¶33}** Accordingly, we presently decline to depart from our precedent set forth in *Durbin* and *Dunlap.*

{¶34} Appellant's Third Assignment of Error is therefore overruled.

{¶35} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.


By: Wise, P. J.

Gwin, J., and

Baldwin, J., concur.

JWW/d 0824