[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Faggs,* Slip Opinion No. 2020-Ohio-523.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-523

THE STATE OF OHIO, APPELLEE *v.* FAGGS, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Faggs,* Slip Opinion No. 2020-Ohio-523.]

*Criminal law—Affirmative defenses—Domestic violence and assault—Corporal punishment—Reasonable parental discipline is an affirmative defense to a charge of domestic violence under R.C. 2919.25(A) or assault under R.C. 2903.13(A), with the burden of proof resting on the accused pursuant to R.C. 2901.05(A)—Court of appeals' judgment affirmed.*

(Nos. 2018-1501 and 2018-1592—Submitted October 23, 2019—Decided February 19, 2020.)

APPEALED from and CERTIFIED by the Court of Appeals for Delaware County, No. 17 CAA 10 0072, 2018-Ohio-3643.

_____

FISCHER, J.

{¶ 1} In this case, we are asked to decide whether reasonable parental discipline is a component of the physical-harm element in Ohio's domestic-

violence and assault statutes or whether it is an affirmative defense to a charge under those statutes. For the reasons that follow, we hold that reasonable parental discipline is an affirmative defense and affirm the judgment of the Fifth District Court of Appeals.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Appellee, the state of Ohio, charged appellant, Clinton D. Faggs III, with one third-degree-felony count of domestic violence under R.C. 2919.25(A) and one first-degree-misdemeanor count of assault under R.C. 2903.13(A) for an incident involving the seven-year-old son of Faggs's then live-in girlfriend and the alleged beating Faggs inflicted on the boy for acting out in school.

{¶ 3} During his bench trial, Faggs's attorney suggested that the allegations against Faggs were exaggerated and that his conduct was merely "a reasonable and necessary exercise of parental discipline and corporal punishment." The court found Faggs guilty of both charges and sentenced him to four years of community control and ordered him to complete 100 hours of community service.

{¶ 4} Faggs appealed his convictions, arguing in part that the trial court had erroneously placed the burden of proving reasonable parental discipline on him and had thereby violated his constitutionally protected "fundamental liberty interest in raising and controlling his or her child." 2018-Ohio-3643, ¶ 9-12, 28-30.

{¶ 5} The Fifth District affirmed the trial court's judgment, observing that Faggs had "provide[d] scant authority for the proposition that an individual acting in loco parentis acquires a full panoply of constitutional rights," *id.* at ¶ 32, and concluding that, so long as the state was required to prove each element of the underlying offense beyond a reasonable doubt, treating reasonable parental discipline as an affirmative defense and placing the burden of proving that defense upon the accused does not violate due process, *id.* at ¶ 29-35.

{¶ 6} Upon Faggs's motion, the Fifth District certified a conflict between its decision and the Seventh District Court of Appeals' decision in *State v. Rosa*, 2013-Ohio-5867, 6 N.E.3d 57 (7th Dist.).

{¶ 7} We accepted the cause after determining that a conflict exists on the following question:

> "In a criminal prosecution of a parent (or an adult acting in loco parentis) for domestic violence under R.C. 2919.25(A), where the defendant's acts relate to corporal punishment of a child, does the State bear a burden to prove unreasonable parental discipline, or is reasonable parental discipline in the nature of an affirmative defense?"

154 Ohio St.3d 1476, 2019-Ohio-169, 114 N.E.3d 1204, quoting the court of appeals' November 2, 2018 judgment entry. We also accepted Faggs's jurisdictional appeal, in which he set forth one proposition of law involving the same substantive issue. 154 Ohio St.3d 1476, 2019-Ohio-169, 114 N.E.3d 1205. We consolidated the two cases for review here. *Id.*

## II. ANALYSIS

{¶ 8} In addressing the conflict question and proposition of law raised by Faggs, we must address both Ohio's domestic-violence statute, R.C. 2919.25(A), and Ohio's assault statute, R.C. 2903.13(A). As the briefing and arguments in this case did, we focus our analysis first on R.C. 2919.25(A) before then turning to R.C. 2903.13(A). We begin with a discussion of our decision in *State v. Suchomski*, 58 Ohio St.3d 74, 567 N.E.2d 1034 (1991).

{¶ 9} In *Suchomski*, this court made the following observations regarding the right of a parent to discipline his or her child and the meaning of Ohio's domestic-violence statute, R.C. 2919.25(A).

Nothing in R.C. 2919.25(A) prevents a parent from properly disciplining his or her child. The only prohibition is that a parent may not cause "physical harm" as that term is defined in R.C. 2901.01(C). "Physical harm" is defined as "any injury[.]" "Injury" is defined in Black's Law Dictionary (6 Ed. 1990) 785 as "* * * [t]he invasion of any *legally protected interest* of another." (Emphasis added.) A child does not have any legally protected interest which is invaded by proper and reasonable parental discipline.

(Brackets and ellipsis in *Suchomski*.) *Id.* at 75.

{¶ 10} As the case before us today illustrates, our observations in *Suchomski* caused considerable confusion when it came time for Ohio's courts of appeals to apply R.C. 2919.25(A) in situations like this—i.e., when a parent, or person acting in loco parentis, uses corporal punishment to discipline a child. By supplying an overly legalistic and technical definition for the word "injury" and linking that interpretation to the reasonableness of the discipline imposed, *Suchomski* at 75, courts were left wondering whether the reasonableness of the discipline went toward the government's burden to prove the physical-harm element or a defendant's establishment of an affirmative defense.

{¶ 11} Following *Suchomski*, many of this state's appellate courts, including the court below, held that reasonable parental discipline is an affirmative defense to a charge of domestic violence under R.C. 2919.25(A), with the defendant bearing the burden to prove that defense. *See Faggs*, 5th Dist. Delaware No. 17 CAA 10 0072, 2018-Ohio-3643, ¶ 29; *State v. Sellers*, 12th Dist. Butler No. CA2011-05-083, 2012-Ohio-676, ¶ 15; *State v. Luke*, 3rd Dist. Union No. 14-10-26, 2011-Ohio-4330, ¶ 21; *State v. Vandergriff*, 11th Dist. Ashtabula, No. 99-A-0075, 2001-Ohio-4327, ¶ 15-16; *State v. Jones*, 140 Ohio App.3d 422, 428-429,

747 N.E.2d 891 (8th Dist.2000); *State v. Hicks*, 88 Ohio App.3d 515, 518-520, 624 N.E.2d 332 (10th Dist.1993). The state argues in favor of this interpretation and asks this court to affirm the decision below.

{¶ 12} The Seventh District Court of Appeals, however, concluded that given *Suchomski*, the reasonableness of the corporal punishment imposed by a parent is "part of the analysis of the physical harm element" of R.C. 2919.25(A), with the state having to "prove that the parental discipline was improper and unreasonable, based upon the totality of the circumstances." *Rosa*, 2013-Ohio-5867, 6 N.E.3d 57, at ¶ 3. Faggs argues that this is the correct interpretation and asks this court to reverse the Fifth District's decision in his case.

{¶ 13} We review this question of law on a de novo basis, *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 9, and, in the process, seek to clarify any confusion our decision in *Suchomski* created.

### A. *Reasonableness is not an Element of the Offenses*

{¶ 14} R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2901.01(A)(3) defines the term "physical harm," as it relates to people, broadly to mean "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶ 15} Our goal when interpreting one of Ohio's criminal statutes—as it is with any other statute—is to give effect to the legislature's intent. *State v. Jordan*, 89 Ohio St.3d 488, 491, 733 N.E.2d 601 (2000). To do this, we start with the text of the statute. *Id*. at 492; *see also State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 10. When the text of the statute in question is plain and unambiguous, as is the case here, we give effect to the legislature's intent by simply applying the law as written. *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 12. The same goes for statutorily defined terms. *Terteling Bros., Inc. v. Glander*, 151 Ohio St. 236, 85 N.E.2d 379 (1949), paragraph one of

the syllabus ("Where a statute defines terms used therein which are applicable to the subject matter affected by the legislation, such definition controls in the application of the statute").

{¶ 16} Notably, nothing in either the text of Ohio's domestic-violence statute or the definition of "physical harm" indicates that the state must prove, as Faggs suggests, that the accused's actions while inflicting corporal punishment were unreasonable. In fact, by including the phrase, "regardless of its gravity or duration," to modify the scope of injuries encompassed by the term "physical harm to persons," R.C. 2901.01(A)(3), it seems that just the opposite is true: reasonableness or unreasonableness is not an element. Instead, to prove the crime of domestic violence, the state is only required to show that a defendant "knowingly cause[d] or attempt[ed] to cause physical harm to a family or household member." We therefore conclude that proof of unreasonable parental discipline is not a component of the physical-harm element of R.C. 2919.25(A).

{¶ 17} In his jurisdictional appeal, Faggs also asks us to consider whether the same is true with respect to a charge of assault. Ohio defines assault as "knowingly caus[ing] or attempt[ing] to cause *physical harm* to another." (Emphasis added.) R.C. 2903.13(A). Since the only difference between the domestic-violence statute and the portion of the assault statute involved here is the status of the victim ("family or household member" versus "another"), we hold that the reasonableness or unreasonableness of a parent's discipline is not a part of the physical-harm element of this offense either.

{¶ 18} Having answered these questions, we proceed to consider whether reasonable parental discipline is an affirmative defense.

### B. *Reasonable Parental Discipline is an Affirmative Defense*

{¶ 19} Under Ohio law, there are two types of affirmative defenses: (1) those "expressly designated," R.C. 2901.05(D)(1)(a), and (2) those "involving an excuse or justification peculiarly within the knowledge of the accused, on which

the accused can fairly be required to adduce supporting evidence," R.C. 2901.05(D)(1)(b).

{¶ 20} While some state legislatures have enacted provisions expressly designating reasonable parental discipline as an affirmative defense, Ohio has not. *See, e.g.*, Ga.Code.Ann. 16-3-20(3); Ariz.Rev.Stat.Ann. 13-403(1). Consequently, we must focus on the second type of affirmative defense and decide whether reasonable parental discipline meets all the elements under R.C. 2901.05(D)(1)(b).

{¶ 21} For reasonable parental discipline to constitute an affirmative defense, it must first fit the definition of either an "excuse" or "justification." R.C. 2901.05(D)(1)(b). The Revised Code does not define those terms, so we give each its ordinary meaning. *State v. Dorso*, 4 Ohio St.3d 60, 62, 446 N.E.2d 449 (1983). *Black's Law Dictionary* defines "excuse" as a "reason that justifies an act or omission or that relieves a person of a duty" or a "defense that arises because the defendant is not blameworthy for having acted in a way that would otherwise be criminal." *Black's Law Dictionary* 688 (10th Ed.2014). The word "justification" is defined as a "lawful or sufficient reason for one's acts or omissions; any fact that prevents an act from being wrongful" or a "showing, in court, of a sufficient reason why a defendant acted in a way that, in the absence of the reason, would constitute the offense with which the defendant is charged." *Id.* at 997. Because reasonable parental discipline is a defense that would render otherwise unlawful conduct lawful when there is a sufficient reason for the defendant's actions, we conclude that it is a justification. *See* 4 William Blackstone, *Commentaries on the Laws of England*, 120 (Tucker Ed.1803) ("battery is, in some cases, justifiable or lawful: as [where] one who hath authority, a parent or master, gives moderate correction to his child, his scholar, or his apprentice").

{¶ 22} Next, that justification must be "peculiarly within the knowledge of the accused." R.C. 2901.05(D)(1)(b). In cases involving corporal punishment, we conclude that it is. After all, only the charged parent or person acting in loco

parentis knows and is able to describe the corrective intent behind the use of corporal punishment and why he or she felt it necessary to resort to such means, including, for example, the child's behavioral history and responses to prior discipline.

{¶ 23} Finally, for reasonable parental discipline to serve as an affirmative defense, it must also be true that "the accused can fairly be required to adduce supporting evidence." R.C. 2901.05(D)(1)(b). We think this final element is met as well, since it is fair to ask the accused to introduce evidence in the form of expert-witness testimony, lay-witness testimony, or his or her own testimony regarding the factors and surrounding circumstances discussed above and why the level of discipline imposed was justified.

{¶ 24} Because reasonable parental discipline meets all three of R.C. 2901.05(D)(1)(b)'s requirements, we hold that it is an affirmative defense.

### C. Due Process

{¶ 25} As a final matter, Faggs argues that treating reasonable parental discipline as an affirmative defense violates a defendant's right to due process by unconstitutionally placing the burden of proof on the defendant. We disagree.

{¶ 26} R.C. 2901.05(A) provides that once the state has met its burden of proof for all the elements of a charged offense, "the burden of proof, by a preponderance of the evidence, for an affirmative defense other than self-defense, defense of another, or defense of the accused's residence * * * is upon the accused."

{¶ 27} On numerous occasions, this court and the United States Supreme Court have decided that allocating the burden of proof in this manner is constitutional. *See State v. Ireland,* 155 Ohio St.3d 287, 2018-Ohio-4494, 121 N.E.3d 285, ¶ 40 (lead opinion) ("a state does not violate the Due Process Clause by requiring the defendant to prove an affirmative defense by a preponderance of the evidence"); *Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) ("Proof of the non-existence of all affirmative defenses has

never been constitutionally required"); *see also Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987) (affirming this court's decision in *State v. Martin*, 21 Ohio St.3d 91, 94, 488 N.E.2d 166 (1986), that a prior version of R.C. 2901.05(A) was constitutional).

{¶ 28} Considering the General Assembly's choice here and the extensive precedent suggesting that such a choice comports with due process, we cannot say that requiring a defendant, like Faggs, to prove the affirmative defense of reasonable parental discipline by a preponderance of the evidence is unconstitutional.

### III. CONCLUSION

{¶ 29} Accordingly, we hold that reasonable parental discipline is an affirmative defense to a charge of domestic violence under R.C. 2919.25(A) or assault under R.C. 2903.13(A), with the burden of proof resting with the accused pursuant to R.C. 2901.05(A). We therefore resolve the certified conflict in favor of those district courts of appeals that have found similarly and affirm the judgment of the Fifth District Court of Appeals in this case.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, DEWINE, and STEWART, JJ., concur.

KENNEDY and DONNELLY, JJ., concur in judgment only.

————————

The Tyack Law Firm Co., L.P.A., Jonathan T. Tyack, and Holly B. Cline, for appellant.

Melissa A. Schiffel, Delaware County Prosecuting Attorney, and Douglas N. Dumolt and Kimberly Burroughs, Assistant Prosecuting Attorneys, for appellee.

Russell S. Bensing, urging reversal for amicus curiae, Ohio Association of Criminal Defense Lawyers.

————————