[Cite as *State v. Walker*, 2020-Ohio-4949.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLANT,                   CASE NO. 14-20-01

     v.

TRACEY L. WALKER,                         O P I N I O N

     DEFENDANT-APPELLEE.

Appeal from Marysville Municipal Court
Trial Court No. 19 CRB 00893

Judgment Reversed and Cause Remanded

Date of Decision: October 19, 2020

APPEARANCES:

    *John M. Eufinger* for Appellant

    *Charles A. Koenig* for Appellee

**PRESTON, J.**

{¶1} Plaintiff-appellant, the State of Ohio, appeals the December 3, 2019 judgment of the Marysville Municipal Court dismissing the criminal complaint against defendant-appellee, Tracey L. Walker ("Walker"). For the reasons that follow, we reverse.

{¶2} This case arises from a December 2, 2019 incident in which it was alleged that Walker caused or attempted to cause physical harm to his minor child, G.W. (*See* Doc. No. 1). As a result of the incident, a criminal complaint was filed in the Marysville Municipal Court on December 2, 2019 charging Walker with a single count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. (*Id.*).

{¶3} Later that day, Walker appeared in front of the trial court for an initial appearance on the charge. (Doc. No. 3). At the hearing, Walker requested a continuance to obtain an attorney. (*Id.*). Then, the trial court released Walker on his own recognizance on the condition that Walker have no contact with the victim during the pendency of the case. (*Id.*). The trial court then scheduled the matter for an arraignment hearing on a later date. (*Id.*).

{¶4} The following day, the trial court sua sponte dismissed the criminal charge without a hearing. (Doc. No. 5). In the journal entry dismissing the case, the trial court made the following findings:

1)    The complaint alleges defendant was exercising reasonable parental discipline when [G.W.] struck him.

2)    Defendant then is alleged to have fought with his son.

3)    Case dismissed.  No crime is alleged.

4)    [The] [c]ase should have been filed in juvenile [c]ourt as an unruly child case or for neglect [and] dependency.

(*Id.*).

**{¶5}** On January 3, 2020, the State filed its notice of appeal.  (Doc. No. 8). It raises one assignment of error for our review.

**Assignment of Error No. I**

**The trial court abused its discretion when it sua sponte dismissed the complaint filed by the State of Ohio.**

**{¶6}** In its assignment of error, the State argues that the trial court abused its discretion by sua sponte dismissing the criminal complaint charging Walker with domestic violence without providing it with the opportunity to object to the dismissal or provide an argument in opposition to the dismissal.  The State further argues that the trial court abused its discretion by dismissing the case without a hearing and without providing either party with notice of its intention to dismiss the case.

**{¶7}** We review a trial court's dismissal of a criminal charge under Crim.R. 48(B) for an abuse of discretion.  *State v. Myrick*, 3d Dist. Union No. 14-19-27,

2020-Ohio-974, ¶ 6, citing *State v. Heard*, 12th Dist. Clinton No. CA2016-03-008, 2017-Ohio-4, ¶ 10 and *State v. Elqatto*, 10th Dist. Franklin No. 11AP-914, 2012-Ohio-4303, ¶ 17. An abuse of discretion is more than an error in judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "When applying the abuse of discretion standard of review, this court is not free merely to substitute its judgment for that of the trial court." *Kreitzer v. Anderson*, 157 Ohio App.3d 434, 2004-Ohio-3024, ¶ 16 (3d Dist.).

{¶8} Criminal Rule 48, which governs the dismissal of indictments, informations, and complaints, provides, in pertinent part, that "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." Crim.R. 48(B). Thus, Crim.R. 48 "'incorporates language clearly envisioning the awareness and participation of the state in the dismissal process.'" *Myrick* at ¶ 7, quoting *Huron v. Slauterbeck*, 6th Dist. Erie No. E-15-026, 2015-Ohio-5022, ¶ 8.

{¶9} In *State v. Myrick*, under facts strikingly similar to those in the present case, this court held that although a trial court need not necessarily hold a dismissal hearing prior to dismissing a criminal complaint under Crim.R. 48(B), "because Crim.R. 48 (B) and its corresponding jurisprudence contemplate an opportunity for the State to voice its objection (if any), the State must be afforded an occasion to

voice its opposition to a dismissal and preserve its argument for appeal." *Myrick* at ¶ 8.

{¶10} Here, the record indicates that the trial court dismissed the complaint the day after it was filed without notifying the parties that it was contemplating dismissal of the action. Although a hearing was held just one day before the trial court sua sponte dismissed the case, the trial court did not make any statement on the record indicating to the parties that it was considering dismissing the action. Rather, at the December 2, 2019 hearing, the trial court scheduled the matter for an entry of plea hearing at a later date, once Walker had an opportunity to obtain counsel. Thus, the State did not have the opportunity to voice its opposition to a dismissal and preserve its argument for appeal. Therefore, based on the record before us, because the State was not afforded the opportunity to object to the dismissal or provide an argument in opposition to dismissal, we conclude that the trial court abused its discretion by dismissing the criminal charges against Walker.[1] *Myrick*, 2020-Ohio-974, at ¶ 9.

---

[1] Although we need not address the validity of the trial court's findings of fact and reasons that it articulated in support of its dismissal, we note that in its findings of fact justifying the dismissal of the domestic violence complaint against Walker, the trial court stated that "[t]he complaint alleges [Walker] was exercising reasonable parental discipline when [G.W.] struck him." (Doc. No. 5). Accordingly, the trial court dismissed the case and stated that "[n]o crime is alleged" in the complaint. However, we caution the trial court that the Supreme Court of Ohio has held "that reasonable parental discipline is an affirmative defense to a charge of domestic violence under R.C. 2919.25(A) * * *, with the burden of proof resting with the accused pursuant to R.C. 2901.05(A)." *State v. Faggs*, 159 Ohio St.3d 420, 2020-Ohio-523, ¶ 29. *See* R.C. 2901.05(D)(1)(b) ("[A]n 'affirmative defense' is * * * [a] defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence."). Thus, reasonable parental discipline is not an element of domestic violence and does not have any bearing on the sufficiency of the complaint. Furthermore, "only the charged parent * * * knows and is able to describe

{**¶11**} Thus, the State's assignment of error is sustained.

{**¶12**} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and ZIMMERMAN, J., concur.**

**/jlr**

---

the corrective intent behind the use of corporal punishment and why he or she felt it necessary to resort to such means, including, for example, the child's behavioral history and responses to prior discipline." *Faggs* at ¶ 22. Accordingly, only Walker has the knowledge to properly raise the affirmative defense of reasonable parental discipline to the charge of domestic violence.