[Cite as *State v. Snow*, 2026-Ohio-1364.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250335 |
| | | TRIAL NOS. C/25/CRB/6690/A |
| Plaintiff-Appellee, | : | C/25/CRB/6690/C |
| vs. | : | |
| CIERRA SNOW, | : | |
| Defendant-Appellant. | : | *JUDGMENT ENTRY* |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed in part and reversed in part, the cause is remanded, and the appeal is dismissed in part.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed 50% to appellant and 50% to appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**
**Enter upon the journal of the court on 4/15/2026 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Snow*, 2026-Ohio-1364.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250335 |
| | | TRIAL NOS. | C/25/CRB/6690/A |
| Plaintiff-Appellee, | : | | C/25/CRB/6690/C |
| vs. | : | | |
| CIERRA SNOW, | : | | |
| | | *O P I N I O N* | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded; Appeal Dismissed in Part

Date of Judgment Entry on Appeal: April 15, 2026

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Verjine V. Adanalian*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Christine Y. Jones*, Assistant Public Defender, for Defendant-Appellant.

**NESTOR, Judge.**

**{¶1}** Defendant-appellant Cierra Snow appeals her domestic violence conviction. She argues that a punch to her ten-year-old daughter's stomach was reasonable parental discipline, that the State charged her under the wrong statute, and that the trial court failed to credit her jail time. Because Snow's chosen form of discipline was not reasonable and because the State can choose which statute to prosecute under, we affirm Snow's conviction. However, the trial court erred when it failed to credit Snow one day of jail time. Accordingly, we remand the cause only for the trial court to correct Snow's sentence.

## I. Factual and Procedural History

**{¶2}** In April of 2025, Snow and her daughter, N.S., got into an argument. Snow told her daughter to wait outside on the front porch. While outside, N.S. decided to leave and walk to her grandmother's house. When Snow went outside and N.S. was gone, Snow got into her car and searched the neighborhood for N.S.

**{¶3}** While walking, N.S. saw her mother in the car. Snow told N.S. to "come here." N.S. continued to walk away and entered a neighbor's yard. When asked why she went into the yard, N.S. said she "went to the people's house" even though she did not know them "[b]ecause they were the only people outside."

**{¶4}** N.S. walked into the yard of off-duty police Detective Derek Noland. Detective Noland watched as N.S. walked up and Snow got out of the car. Detective Noland testified that N.S. walked to the back of his truck in what seemed like an attempt to put him between her and her mother. Snow walked over to Detective Noland's truck while N.S. had her back to the truck. Detective Noland realized this was a family situation and initially did not want to intervene. Detective Noland testified he heard Snow say, "[Y]ou're getting your ass beat either way." He thought

that the situation was escalating, so he turned back and he saw Snow punch N.S. When Snow punched N.S., N.S. doubled over and held her stomach for ten seconds.[1]

**{¶5}** Detective Noland immediately intervened. He told Snow that he was an off-duty police officer and that he was calling for the police to come. Detective Noland's wife came and took N.S. away to sit on the porch. Detective Noland stayed with Snow. Detective Noland testified that Snow "denied immediately [that it was a punch] and [said] . . . it was an open-handed slap." Officer Faehr arrived shortly and talked with Detective Noland and Snow. Snow invoked her *Miranda* rights, and Officer Faehr ended the questioning. Detective Noland showed Officer Faehr the footage captured on his home security system that clearly showed the punch. Officer Faehr then arrested Snow and took N.S. to Children's hospital.

**{¶6}** This matter proceeded to a bench trial where Detective Noland, Officer Faehr, and N.S. testified on behalf of the State. Snow did not introduce any evidence to assert her defense that this was reasonable parental discipline but argued in a Crim.R. 29 motion that the punch was reasonable parental discipline. The court found Snow guilty of assault and domestic violence. The trial court sentenced her on June 4, 2025, and merged the assault charge with the domestic violence charge for sentencing. Snow received a suspended sentence of 180 days on the domestic violence charge. She was placed on probation for a year and was required to complete anger management classes. Additionally, the court imposed a $500 fine and required Snow to pay court costs, with the option of completing community service hours instead of paying the fine. She now appeals asserting three assignments of error. Her appeal as to the assault charge is dismissed as that charge was merged with the domestic

---

[1] Detective Noland has a home security system that captured the incident. The recording was introduced at trial by the State.

4

violence charge.

## II. Analysis

{¶7} Snow argues that her punch was reasonable parental discipline because N.S. was not following her direction to stay on the porch. She argues she met her burden to prove her actions were reasonable. She also argues that the State charged her under the wrong statute. The State charged Snow with domestic violence and assault, but Snow asserts that R.C. 1.51 required the State to charge her under the child endangering statute. Lastly, Snow argues that the trial court erred by failing to award jail-time credit.

### A. First Assignment of Error

{¶8} In her first assignment of error, Snow argues her contact with her daughter was reasonable parental discipline and did not meet the legal standard for domestic violence. She argues that it was an open-handed slap, not a punch, that N.S. is physically mature for her age so she was not vulnerable, that N.S. had no bruising, and that Snow's response was reasonable following unsuccessful attempts to discipline her child. Ultimately, she argues her conviction was against the manifest weight of the evidence.

#### 1. Reasonable Parental Discipline

{¶9} "When evaluating a parent's claim that a domestic-violence conviction is against the weight of the evidence, we must consider whether the defendant sustained her burden to affirmatively prove that she used only proper and reasonable parental discipline." *State v. Thornton*, 2022-Ohio-3452, ¶ 34 (1st Dist.), citing *State v. Ford*, 2020-Ohio-4298, ¶ 27 (8th Dist.). Snow had the burden to show that her use of discipline was reasonable under the circumstances. *Id.* at ¶ 31, citing *State v. Faggs*, 2020-Ohio-523, ¶ 20-24. The trial court considers the reasonableness of corporal

5

punishment by evaluating all relevant facts and circumstances such as "'the child's age, the child's behavior that led to the parent's action, the child's response to noncorporal punishment, and the location and severity of the punishment,' as well as 'the parent's state of mind while administering the discipline.'" *Id.* at ¶ 35, quoting *Ford* at ¶ 28. "While generally, a parent may determine how to discipline her child, parents may not cause 'physical harm,' which is defined by R.C. 2901.01(A)(3) as 'any injury . . . regardless of its gravity or duration.'" *Id.* at ¶ 32, quoting *State v. Suchomski*, 58 Ohio St.3d 74, 75 (1991).

{¶10} On review, "this court must review 'the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id.* at ¶ 36, quoting *State v. Bailey*, 2015-Ohio-2997, ¶ 59 (1st Dist.). "The weight of the evidence and the credibility of the witnesses are primarily for the trier of fact." *Id.* at ¶ 37, citing *Bailey* at ¶ 63. "In reviewing a challenge to the weight of the evidence, this court sits as a 'thirteenth juror.'" *Id.*, quoting *State v. Curry*, 2020 Ohio App. LEXIS 1184 (1st Dist. Mar. 31, 2020). "This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict." *Id.*, citing *Bailey* at ¶ 63.

{¶11} By arguing that her actions were reasonable parental discipline, Snow admits that the offense occurred. Reasonable parental discipline is an affirmative defense that Snow had to prove by a preponderance of the evidence. *Faggs* at ¶ 28.

{¶12} "R.C. 2919.25(A) provides that '[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member.'" *Faggs*, 2020-Ohio-

6

523, at ¶ 14. "R.C. 2901.01(A)(3) defines the term 'physical harm,' as it relates to people, broadly to mean 'any injury, illness, or other physiological impairment, regardless of its gravity or duration.'" *Id.* By punching her daughter in the stomach, Snow knowingly caused physical harm to her daughter by causing an injury, regardless of that injury's gravity or duration. For Snow's acts to be reasonable parental discipline and not domestic violence, the acts must be reasonable and proper. *Thornton*, 2022-Ohio-3452, at ¶ 34 (1st Dist.).

{¶13} At trial, Snow did not introduce any evidence to show that her actions were proper or reasonable under the totality of the circumstances. Instead, Snow relied on the testimony of the State's witness to argue her defense.

{¶14} Snow asserts that when considering the totality of the circumstances, N.S. is physically mature, so this was a suitable punishment. Snow also argues that N.S. was defiant and that the location of the punishment (outside, at a neighbor's house) is irrelevant. She additionally states that there is no testimony showing she was angry. Snow argues other points that exceed the scope of the record and therefore cannot be considered by this court. *See State v. Gray*, 2025-Ohio-4607, ¶ 35 (1st Dist.) (a party may not raise an issue on appeal that it has failed to raise in the trial court).

{¶15} Contrary to Snow's assertions, the trial court found N.S. to be physically vulnerable. N.S. is ten years old and appears to be that age in the video. The court found N.S.'s behavior to be improper but stated there is "nothing in the evidence that justifies the conduct that [Snow] took." The court did not have much evidence of N.S.'s response to noncorporal punishment but found that "[t]here is very little, if any, attempt to obtain compliance other than the physical assaultive behavior." The court found it concerning that Snow would hit her child so severely in public and in "broad daylight." Additionally, between the language Snow used and Snow's actions, the trial

court relied on circumstantial evidence to determine that she was angry and she was not "engaged in an intentional, thoughtful attempt at imposing discipline."

{¶16} Snow had the burden of proof for her affirmative defense. She did not put on any witnesses nor provide any additional proof to persuade the trier of fact. Snow failed to persuade the trial court to accept her version of events. *See Faggs*, 2020-Ohio-523, at ¶ 23 ("it is fair to ask the accused to introduce evidence in the form of expert-witness testimony, lay-witness testimony, or his or her own testimony regarding the factors and surrounding circumstances [as to] why the level of discipline imposed was justified."). Because this is a factual issue, we decline to disturb the trial court's judgment on appeal.

### 2. *Observable Injury*

{¶17} At trial and on appeal, Snow cited to the *Adaranijo* case from this court to support her argument that her acts were reasonable. *See State v. Adaranijo*, 2003-Ohio-3822 (1st Dist.). In *Adaranijo*, this court held, "without observable injury, or without risk of serious physical harm, there can be no domestic-violence conviction for a parent as a result of striking a child." *Id.* at ¶ 13. In *Adaranijo*, a father was charged with, and found guilty of, domestic violence. *Id.* at ¶ 2. This court reversed the conviction because it found that Adaranijo successfully raised the affirmative defense of reasonable parental discipline. *Id.* at ¶ 13.

{¶18} The lack of observable injury or risk of serious physical harm may have guided this court in *Adaranijo*, but neither observable injury nor risk of serious harm are elements of Ohio's domestic violence statute. *See Faggs* at ¶ 14 ("R.C. 2919.25(A) provides that '[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member.' R.C. 2901.01(A)(3) defines the term 'physical harm,' as it relates to people, broadly to mean 'any injury, illness, or other physiological

8

impairment, regardless of its gravity or duration.'").

**{¶19}** This court recently discussed observable injuries again in *State v. Kyambadde*, 2026-Ohio-24, ¶ 34 (1st Dist.). In *Kyambadde*, the defendant's testimony contradicted that of his children's. *Kyambadde* at ¶ 6, 10, 12. During the trial, Kyambadde sought to impeach his children as biased witnesses, but the trial court did not allow him to do so. *Id.* at ¶ 2. On appeal, we held that this was an error but that it was harmless because there was observable injury to the children. *Id.* The photographic evidence of the injuries was enough to prove domestic violence even though the children may have been biased. *Id.* *Kyambadde* demonstrates that observable injury, while sufficient to support a conviction, is not required under the statute.

**{¶20}** Here, unlike in *Adaranijo*, there is an observable injury. The video evidence introduced at trial demonstrated Snow causing injury to N.S. The video alone established the evidence needed for a domestic violence conviction. While Snow argued this was reasonable parental discipline, she offered no evidence in support or to challenge the State's evidence. Domestic violence and the defense of reasonable parental discipline present very fact specific questions. The case before us today falls closer to *Kyambadde* with an observable injury establishing domestic violence.[2]

**{¶21}** Accordingly, we overrule appellant's first assignment of error.

### B. Second Assignment of Error

**{¶22}** In her second assignment of error, Snow argues that the State charged her under the wrong statute. She argues that R.C. 1.51 required that she be charged

---

[2] Showing an observable injury is not required by Ohio's domestic violence statute. Ohio courts have upheld domestic violence convictions without an observable injury. *See State v. Behlke*, 2017-Ohio-7910, ¶ 10, 19 (9th Dist.); *State v. Enoch*, 2020-Ohio-3406, ¶ 23, 26 (11th Dist.). This court has upheld a domestic violence conviction without observable injury. *See State v. Cook*, 2021-Ohio-3841, ¶ 13 (1st Dist.).

under R.C. 2919.22(B)(3), the more specific child endangering statute, instead of the general domestic violence and assault statutes. Snow did not move to dismiss these charges below, so she has waived that argument on appellate review. *See State v. Infante*, 2020-Ohio-992, ¶ 11 (11th Dist.).

**{¶23}** Regardless, Snow's argument fails because the endangering children statute (R.C. 2919.22(B)(3)) contains different elements than the domestic violence (R.C. 2919.25(A)) and assault statutes (R.C. 2903.13(A)). *See State v. Edmiston*, 2010-Ohio-3413, ¶ 10 (8th Dist.) ("Because the crimes of public indecency and pandering obscenity have different elements and proscribe different conduct under different circumstances, a conviction for public indecency would not necessarily result in a conviction for pandering obscenity."). R.C. 1.51 only applies if there is a more specific statute that punishes the same conduct as a more general statute but there are different penalties under each statute. R.C. 1.51. When both elements are met, then there is an irreconcilable difference, and the defendant must be charged under the more specific statute. *Id.*

**{¶24}** To prove Snow guilty of endangering children under R.C. 2919.22(B)(3), the State would have had to prove that Snow "[administered] corporal punishment or other physical disciplinary measure[s] . . . [that were] excessive under the circumstances and create[d] a substantial risk of serious physical harm to the child." Domestic violence and assault only required the State to prove Snow "knowingly cause[d] or attempt[ed] to cause physical harm" to a family member for domestic violence, or any person for assault. R.C. 2903.13(A); R.C. 2919.25(A). A conviction for domestic violence does not require the same elements as a conviction for endangering children. Because the statutes punish different conduct, they are not irreconcilable and R.C. 1.51 does not apply. *See Edmiston* at ¶ 10.

**{¶25}** We overrule appellant's second assignment of error.

### C. Third Assignment of Error

**{¶26}** In her third assignment of error, Snow argues she was not credited for her one day in jail. The State concedes this point and acknowledges the proper course is to remand. "'When a trial court fails to include the appropriate amount of jail-time credit in the sentencing entry, it commits plain error.'" *State v. Lee*, 2024-Ohio-3080, ¶ 19 (1st Dist.), quoting *State v. Bowden*, 2015-Ohio-3740, ¶ 18 (1st Dist.). Snow had a right to one day of jail-time credit that the court below overlooked. "[A]s the State concedes, the trial court plainly erred by failing to include [Snow's] jail-time credit when it imposed the sentence[.]" *Id.* at ¶ 20.

**{¶27}** We sustain appellant's third assignment of error and remand the cause to the trial court so Snow may be credited for her one day served.

### III. Conclusion

**{¶28}** Having sustained the third assignment of error, we remand the matter for the limited purpose of awarding the appropriate amount of jail-time credit. *See id.* at ¶ 22. We affirm the trial court's judgment in all other respects. The appeal is dismissed as to the assault charge.

Judgment accordingly.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.