[Cite as *State v. Lee*, 2024-Ohio-3080.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                 :       APPEAL NO. C-230619
                                          TRIAL NOS. 23CRB-15990-A,B,C

      Plaintiff-Appellee,        :

                                    :

    vs.                                  *O P I N I O N.*

                                    :

ANDRE LEE,                    :

      Defendant-Appellant.      :


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part, Sentences Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 14, 2024


*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Amber H. Daniel*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1}    A traffic stop for a red-light violation resulted in three charges for child endangering when the responding officers discovered three children—ranging in age from an infant to approximately five years of age—in the stopped van without seats or seat belts.  The back of the van (where the two younger children were situated) contained broken glass, stacked wooden pallets, and tools.  And the back window of the van was completely shattered (without any temporary covering), leaving the gaping hole exposed.  Defendant-appellant Andre Lee was ultimately convicted of all three counts.  He now appeals, maintaining that the trial court erred when it found him guilty of child endangering and failed to award him jail-time credit.  Having carefully reviewed the evidence and the record, we affirm his convictions but reverse his sentences in part, remanding the matter for the limited purpose of calculating the appropriate amount of jail-time credit to which he is entitled.

I.

{¶2}    In September 2023, City of Cincinnati police officers stopped Mr. Lee for a red-light violation.  Upon their arrival at the scene, Officer Ian Sundberg and Officer Collin Joyce encountered Mr. Lee's utility van.  The back windows of the van were broken with jagged glass around the edges, and there was broken glass, wooden pallets (which officers believed to be loose), tools, and a gas can inside the vehicle.  Three children—all estimated to be under the age of five—were also inside the vehicle.  The two older children were fully unrestrained, and the vehicle lacked seats apart from the front driver's and passenger's seats.  The infant sat in a car seat on the floor between the front seats, but the car seat was not attached in any way to the vehicle.

2

{¶3} Officers handcuffed Mr. Lee and the children's mother (who was in the vehicle at the time of the stop) while they investigated the matter further. The children remained in the back of the vehicle as officers began searching for a family member to take the children because the officers believed it was safer than removing them and risking that they might dart into the busy road. Throughout the stop, the officers considered how to charge the parents, vacillating between charges for child endangering and lack of child safety restraint. Ultimately, they charged Mr. Lee with three counts of child endangering in violation of R.C. 2919.22(C), a misdemeanor of the first degree, and three traffic violations (unauthorized license plates, driving under FRA suspension, and traffic light violation).

{¶4} Later, realizing that a violation under R.C. 2919.22(C) is only applicable where the defendant is charged with operating a vehicle under the influence of drugs or alcohol (an "OVI"), the state sought amendment of the child endangering charges to violations under R.C. 2919.22(A), also misdemeanors of the first degree. The court honored the state's request.

{¶5} Mr. Lee eventually pleaded no contest to the three traffic offenses, but the matter proceeded to a bench trial regarding the child endangering charges. Officer Sundberg and Officer Joyce both testified. Officer Sundberg explained that the children were able to move freely inside the van and could reach the broken glass windows, the infant's car seat did not appear attached to anything (though he did not attempt to move the seat), and he believed it was safer for the children to remain in the vehicle during the stop. Officer Joyce testified that he observed a gas can, glass, and contaminants inside the vehicle where the children had been located and that the children were sitting on broken glass. And like Officer Sundberg, he testified that he

3

believed the children were safest remaining in the vehicle for the duration of the 50-minute traffic stop. The body-camera footage played at trial generally validated the officers' accounts.

**{¶6}** Relying in large part on the children's ages, the trial court determined that the conditions put the children's health and safety at a substantial risk and found Mr. Lee guilty. The court imposed $100 in costs, a suspended jail sentence of 180 days on each count, and one year of probation and ordered Mr. Lee to comply with Hamilton County Job and Family Services in its investigation. Mr. Lee now challenges his convictions and sentences.

II.

**{¶7}** In his first assignment of error, Mr. Lee contests his convictions for child endangering, lodging both sufficiency and manifest weight challenges. Specifically, he claims the evidence failed to sufficiently and credibly prove that he recklessly caused a substantial risk to the health and safety of his children.

**{¶8}** When this court reviews a sufficiency challenge, we ask "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "Where reasonable minds can reach different conclusions upon conflicting evidence, determination as to what occurred is a question for the trier of fact." *Id.* at 279.

**{¶9}** When reviewing whether a conviction runs counter to the manifest weight of the evidence, we sit as the "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 388 (1997). This court "review[s] the evidence, the credibility of witnesses, and the entire record." *State v. Bryant*, 2022-Ohio-4108, ¶ 10 (1st Dist.), citing

*Thompkins* at 388. And we will not reverse the conviction unless the trial court " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶10} Here, the trial court convicted Mr. Lee of the offense of child endangering pursuant to R.C. 2919.22(A), which provides: "No person, who is the parent . . . of a child under eighteen years of age . . . shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." Pursuant to R.C. 2901.01(A)(8), " '[s]ubstantial risk' means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." While the state does not need to prove actual harm, it must demonstrate that the circumstances created a strong possibility of harm.

{¶11} And the culpable mental state for child endangering is recklessness. *State v. McGee*, 79 Ohio St.3d 193 (1997), syllabus; *State v. Jones*, 2023-Ohio-3862, ¶ 14 (1st Dist.). "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C). As this court has previously noted, "child endangerment cases are typically fact-specific." *State v. Bush*, 2020-Ohio-772, ¶ 8 (1st Dist.), citing *City of Beachwood v. Hill*, 2010-Ohio-3313, ¶ 21 (8th Dist.).

{¶12} On appeal, Mr. Lee contests this "substantial risk" element of child endangering, insisting that the state only presented evidence of a potential or speculative risk of harm. Specifically, he maintains that without any testimony

regarding how he was driving when he was stopped, any risk of harm to the children is speculative.

{¶13} But at trial, Mr. Lee pleaded no contest to all three traffic violations. And thus, while he did not admit his guilt, he admitted to the truth of the facts alleged in the complaint—including the fact that he ran a red light. Although the circumstances surrounding Mr. Lee's driving at the time of the red light violation may increase or decrease the risk to the children, running a red light inherently creates some risk of harm, particularly given the state of the van. And the additional circumstances surrounding the incident increased the likelihood of harm to the children: all three children were five years of age or younger and unrestrained (without both seats and seat belts), the back windows of the vehicle were broken with a large gaping hole, and broken glass, wooden pallets, and other items that could easily harm the children were strewn throughout the back of the van.

{¶14} In *State v. Strickling*, the Ninth District affirmed the defendant's convictions for child endangering when, after he swerved off the road and struck a mailbox, he drove his children (who were in the backseat) several miles with a "gaping hole in the center" of the windshield and the remaining portion "shattered and partially caved in." *State v. Strickling*, 2014-Ohio-5713, ¶ 13, 17 (9th Dist.). The children testified that after the accident they were covered in glass, scared, and did not want to get back in the car. *Id.* at ¶ 12. While the defendant was also possibly intoxicated, the Ninth District primarily relied on the shattered windshield and broken glass in reaching its conclusion, noting that the children would not be protected from objects flying on the roadway and that they were scared and covered in glass. *See id.* at ¶ 17.

6

{¶15}  Like the defendant's windshield in *Strickling*, the back windows of Mr. Lee's van were shattered with a gaping hole in the center and broken glass throughout the back of the vehicle, creating both a risk of debris flying into the van and hitting the children and a risk of the children getting cut on the shards of glass.  And further, where the children in *Strickling* were ages 15 and 11, the children here were much younger at the time of the incident, which increased their risk given all of the potentially dangerous items in the van.

{¶16}  Mr. Lee posits that the officers contradicted themselves by leaving the children in the van throughout the stop.  In other words, if the van was so inherently unsafe, why leave the children there?  But unlike when Mr. Lee drove the vehicle, during the stop, the vehicle was not moving, the children were mainly in the front of the vehicle (and away from the pallets and broken glass), and the children were supervised by the officers throughout the stop.  And the officers had to weigh the possibility of harm to the children by supervising them in the stopped vehicle against the risks arising from removing them along a heavily trafficked road.

{¶17}  Viewing the convictions through both sufficiency and manifest weight lenses respectively, we cannot conclude that the trial court could not have found the essential elements of child endangering proven beyond a reasonable doubt or that it clearly lost its way or created a manifest miscarriage of justice in finding Mr. Lee guilty of child endangering.  Accordingly, based on these facts, we hold that his convictions were supported by sufficient evidence and were not against the manifest weight of the evidence and overrule his first assignment of error.

III.

**{¶18}** Turning to his second assignment of error, Mr. Lee maintains that the trial court failed to properly credit him with time served under R.C. 2949.08(C). The state concedes the error.

**{¶19}** "When a trial court fails to include the appropriate amount of jail-time credit in the sentencing entry, it commits plain error." *State v. Bowden*, 2015-Ohio-3740, ¶ 18 (1st Dist.). Here, Mr. Lee had a right to jail-time credit that the court overlooked. Pursuant to R.C. 2949.08(C)(1), a suspended jail term sentence should be reduced "by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]" And the "record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense." R.C. 2949.08(B).

**{¶20}** At his sentencing hearing, defense counsel advised the court that Mr. Lee had spent 22 days in custody. Mr. Lee was arrested and taken into custody on September 12, 2023. And the following day, a bond of $10,000 at 10 percent was set. On October 2, 2023, Mr. Lee appeared in court, and the court modified his bond, allowing him to be released from custody. The record does not illustrate the exact date Mr. Lee was released, but it is clear from the record that he was in pretrial custody, and the trial court omitted jail-time credit from the sentencing entries. Thus, as the state concedes, the trial court plainly erred by failing to include Mr. Lee's jail-time credit when it imposed the sentences for the child endangering charges.

**{¶21}** Based on these facts, we sustain Mr. Lee's second assignment of error.

\* \* \*

**{¶22}** In light of the foregoing analysis, we overrule Mr. Lee's first assignment of error and sustain his second assignment of error. We reverse his sentences in part, remand the matter for the limited purpose of calculating the appropriate amount of jail-time credit that should be awarded, and affirm the trial court's judgments in all other respects.

Judgments affirmed in part, sentences reversed in part, and cause remanded.

**WINKLER** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.