[Cite as *State v. Lee*, 2026-Ohio-173.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250197 |
| | | TRIAL NO. C/24/CRB/21413 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| PRESTON LEE, JR., | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the appellant is discharged.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 1/21/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Lee*, 2026-Ohio-173.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250197 |
| | | TRIAL NO. C/24/CRB/21413 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| PRESTON LEE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: January 21, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**MOORE, Judge.**

{¶1} Defendant-appellant Preston Lee, Jr., appeals the judgment of the Hamilton County Municipal Court convicting him of endangering children. For the reasons set forth below, Lee's conviction was not supported by sufficient evidence, and therefore, the judgment of the trial court is reversed, and Lee is discharged from further prosecution.

## I. Factual and Procedural History

{¶2} On December 15, 2024, Colerain police were called to Lee's residence in response to a domestic disturbance. The affidavit of M.G., the complaining witness, and Lee's former step-child, stated that Lee threw a brick through a glass pane of the storm door in front of Lee's home, and that M.G.'s two-year-old son, M.D., was hit in the back. The filed complaint identified Lee as the child's grandfather. Lee was charged with child endangerment, in violation of R.C. 2919.22, a first-degree misdemeanor.

{¶3} The matter proceeded to a bench trial. In the State's opening remarks, it admitted that two of its subpoenaed witnesses, M.G. and Lee's ex-wife, failed to appear. The State's sole witness was Colerain Police Officer Robert Bolt. In accompaniment to Officer Bolt's testimony, the State played portions of his body-worn-camera ("BWC") footage from the encounter.

{¶4} Officer Bolt testified that when he arrived, he saw Lee standing in his driveway, and spoke with him. Officer Bolt's BWC recorded that Lee admitted he and his wife owned the home, that the two were getting a divorce, and that in response to his wife locking him out, he threw a brick through the front door. Lee told Officer Bolt that he did not believe the brick struck anyone.

{¶5} Officer Bolt testified that he then walked into the house to speak with Lee's wife. Officer Bolt testified and his BWC captured that the bottom pane of the

glass screen door had shattered, that glass littered the floor, and that M.D. was being examined by paramedics. Officer Bolt testified that he observed cuts on M.D.'s hand and foot. Officer Bolt's BWC recorded the paramedic addressing M.G., stating that he did not see any other injuries to M.D. besides the cut on M.D.'s right hand.

{¶6} As the excerpt was played, counsel for Lee objected, arguing the paramedic's statement was hearsay and that the State failed to lay a sufficient foundation. The State argued and the court agreed that the paramedic's statement could be admitted under the medical-treatment hearsay exception in Evid.R. 803(4).

{¶7} Officer Bolt returned outside to speak with Lee. Officer Bolt told Lee the brick injured M.D., and that the child had cut his hand. The following exchange occurred:

> OFFICER BOLT: The brick caused injury to the child.
>
> LEE: What happened to him?
>
> OFFICER BOLT: Cut his hand.
>
> LEE: Oh no, he fell on the glass.
>
> OFFICER BOLT: From where you threw the brick.

At this point, Lee was placed under arrest.

{¶8} On cross-examination, Officer Bolt stated he did not see how the injury was sustained or know if M.D.'s injury occurred when the brick broke the window or if it had occurred 15 minutes after the fact.

{¶9} At the close of the State's case-in-chief, Lee moved the court for an acquittal under Crim.R. 29. Lee argued that there was insufficient evidence to demonstrate Lee knowingly caused harm to M.D. Lee argued that no witness offered direct testimony in support of the State's case, and that the evidence the State was relying upon was inadmissible hearsay. Following the State's argument in opposition,

the court denied Lee's motion.

**{¶10}** Lee was found guilty of child endangerment under R.C. 2919.22(B)(1). This section provides in pertinent part that

(B) No person shall do any of the following to a child under eighteen

years of age or a child with a mental or physical disability under twenty-

one years of age: (1) Abuse the child.

Lee was sentenced to 30 days in jail, with the sentence suspended while serving seven months on community control. This appeal followed.

## II. Analysis

**{¶11}** Lee raises two assignments of error. Under his first assignment of error, Lee argues the trial court violated his Sixth Amendment right to confront adverse witnesses when it permitted the State to introduce segments of Officer Bolt's BWC video, which contained statements from the paramedic that were testimonial and constituted inadmissible hearsay. Under his second assignment of error, Lee raises sufficiency and manifest-weight challenges to his conviction. Because Lee's second assignment of error is dispositive, we address that first.

### A. Sufficiency

**{¶12}** A sufficiency challenge requires that we review "whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *State v. Dunn*, 2024-Ohio-5742, ¶ 28, quoting *State v. Dent*, 2020-Ohio-6670, ¶ 15.

**{¶13}** Ohio courts have required three elements to be satisfied for a successful conviction under R.C. 2919.22(B)(1):

(1) that the child is under eighteen years of age or a mentally or a

5

physically handicapped child under twenty-one years of age, (2) an affirmative act of abuse, and (3) which act was reckless, that is, perpetrated with heedless indifference to the consequences of the action.

*State v. Burdine-Justice*, 125 Ohio App.3d 707, 713 (12th Dist. 1998); *see State v. Howe*, 2024-Ohio-5143, ¶ 28 (12th Dist.); *State v. Miller*, 2023-Ohio-1141, ¶ 39 (8th Dist.); *State v. Adkins*, 2016-Ohio-7250, ¶ 17 (4th Dist.); *State v. Carse*, 2010-Ohio-4513, ¶ 40 (10th Dist.). As explained below, because the State failed to put forth sufficient evidence to establish the element of recklessness, Lee's second assignment of error is well taken.

**{¶14}** A person's conduct is reckless when the person "disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C); *see State v. Lee*, 2024-Ohio-3080, ¶ 10 (1st Dist.), citing R.C. 2901.01(A)(8) (defining substantial risk to mean "a strong possibility, as contrasted with a remote or significant possibility that a certain result may occur or that certain circumstances may exist.").

**{¶15}** Turning to the facts of this case, Lee's arguments that the State failed to demonstrate that Lee acted recklessly are well taken. At oral arguments the State insisted that Lee's conduct of throwing a brick through a window in a residential neighborhood was likely to cause a certain result, an injured child. However, beyond the State identifying that this occurred at a residence, there was no evidence introduced that demonstrated that Lee's conduct of throwing a brick through a glass door pane into his own home would have a strong possibility of resulting in harm to a child. The State failed to put forth any evidence that a child frequently visited or stayed in Lee's home or that Lee might anticipate a child was in the home when he threw the

brick, nor was there any additional context that would demonstrate that Lee had reasonable forethought that his conduct would pose a risk to a child. Even when considering the evidence in a light most favorable to the State, the State failed to put forth sufficient evidence that Lee disregarded a certain and unjustifiable risk that his conduct would likely cause a child to be harmed.

{¶16} Because the State failed to prove all requisite elements of the offense, Lee's conviction was not supported by sufficient evidence. Accordingly, we sustain Lee's second assignment of error in part. This in turn renders Lee's manifest-weight challenge and Lee's assignment of error alleging a Sixth Amendment violation moot, and we do not address them.

### III. Conclusion

{¶17} Because Lee's conviction for child endangerment under R.C. 2919.22(B)(1) was not supported by sufficient evidence, the judgment of the trial court is accordingly reversed, and Lee is discharged from further prosecution for this offense.

Judgment reversed and appellant discharged.

KINSLEY, P.J., and CROUSE, J., concur.