[Cite as *State v. Kyambadde*, 2026-Ohio-24.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                              |   |                                           |
|------------------------------|---|-------------------------------------------|
| STATE OF OHIO,               | : | APPEAL NO.  C-250006                      |
|                              |   | TRIAL NO.   C/24/CRB/7532/D               |
|    Plaintiff-Appellee, | : |                                  |
|                              |   |                                           |
| vs.                          | : |                                           |
|                              |   |                                           |
| PATRICK KYAMBADDE,           | : | *JUDGMENT ENTRY*                          |
|                              |   |                                           |
|    Defendant-Appellant. | : |                                 |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 1/7/2026 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Kyambadde*, 2026-Ohio-24.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250006 |
| | | TRIAL NO. | C/24/CRB/7532/D |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| PATRICK KYAMBADDE, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 7, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Candace Crear*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, Andrew S. Pollis*, Supervising Attorney, and *Iris Y. Rodriguez*, Legal Intern, for Defendant-Appellant.

**Bock, Judge.**

{¶1}    A jury found defendant-appellant Patrick Kyambadde guilty of domestic violence for striking his 12-year-old daughter. On appeal, Kyambadde argues that the trial court improperly excluded evidence of his children's biases against Kyambadde and their motivation to lie, an exclusion that he alleges impaired his reasonable-parental-discipline defense and resulted in his conviction.

{¶2}    We hold that the trial court abused its discretion when it excluded evidence admissible to prove Kyambadde's son's and daughter's biases and motivation to lie under Evid.R. 616. But the trial court's error was harmless because the jury saw photographic evidence of Kyambadde's daughter's injury, which proved his parental discipline was unreasonable.

{¶3}    We overrule the assignment of error and affirm the conviction.

### I.  Factual and Procedural History

{¶4}    The State charged Kyambadde with two counts of child endangerment in violation of R.C. 2919.22(A) and two counts of domestic violence in violation of R.C. 2919.25(A). Counts 1 and 3 involved his son, J.K. ("Son"). Counts 2 and 4 involved his daughter, E.K. ("Daughter"). The affidavit cited in the complaint alleged that Kyambadde struck Son and Daughter with a Swiffer duster.

### A.  *Kyambadde's jury trial*

{¶5}    At trial, the State presented the events that led to Kyambadde's arrest ("the incident") through testimony from Daughter, Son, and investigating officers, photographs of the children's injuries, and the responding officer's bodycam footage. Kyambadde raised two affirmative defenses: reasonable parental discipline and self-defense. Only reasonable parental discipline is relevant in this appeal.

### 1. *Daughter described the incident*

**{¶6}** Daughter had lived with Kyambadde her entire life until after the incident, when she began living with her mother. She recalled being in Kyambadde's home with Son when Kyambadde became upset over a missing phone charger and "started attacking" his children in the kitchen.

**{¶7}** Daughter explained that Kyambadde attacked her with an object she described as "a bendy metal part . . . for [] the base, and . . . the end of it was . . . wooden and then zip tie, and it has spikes on the end." She denied that it was a Swiffer duster. She testified that she blocked his attack with her arm, which created a visible injury on her arm. A photograph of Daughter's arm taken hours after the incident showed a faint red line across her forearm.

**{¶8}** Daughter testified that when she ran to her room, Kyambadde followed and hit her across her back. Then Kyambadde struck Daughter in the mouth with a closed fist. A photograph of Daughter's lips taken shortly after the incident does not show a visible injury. Daughter said that Son tried to intervene, but Kyambadde chased, choked, and hit Son in response.

**{¶9}** Daughter recalled running out of the back door, calling her mother, and meeting her mother at the police station. After Son joined Daughter and their mother at the police station, the officers photographed their injuries.

### 2. *Son testified about the incident*

**{¶10}** Son testified that Kyambadde became upset over a missing phone charger and, while in the kitchen, threatened to hit Daughter. According to Son, Kyambadde followed Daughter to her bedroom where he struck Daughter "on the butt" with "a sink cleaner – like a snake." Daughter was "screaming." Next, Kyambadde prevented Daughter from leaving the house.

{¶11} While in the living room, Son intervened and told Kyambadde, "Get off my sister." Son testified that he "slammed [Kyambadde] to the couch," and Kyambadde "put his arms around [Son's] neck to get [Son] to stop." All told, the scuffle left Son with a few scratches on his torso. Son testified that Kyambadde did not strike Son during the scuffle and never struck him with the sink cleaner.

### 3. *Kyambadde provided a different account of the incident*

{¶12} Kyambadde, a single father, testified that the children's school suspended Son for using an e-cigarette in the building. Days later, the school called Kyambadde because Daughter refused to take a test just ten days before the end of the school year. Kyambadde picked up Daughter from school and drove her home.

{¶13} At home, Kyambadde questioned Daughter, who started "talk[ing] back" to Kyambadde. He "gave her a slap on the back" and told her to stop speaking to him in that manner. Kyambadde clarified that he was upset about his children's behavior at school, not because of a missing phone charger.

{¶14} Kyambadde denied trying to harm his children and specifically denied ever striking Daughter in the mouth or choking Son. Instead, Kyambadde testified that Daughter tried to walk out of the house and told Son that their mother was on the way to pick up the children. Kyambadde tried to "grab her in the back." Kyambadde admitted to striking Daughter and Son once each with a Swiffer duster as a disciplinary measure. Kyambadde also testified that Son, a football player, lifted Kyambadde off the ground and threw him onto the couch. Kyambadde admitted that he slapped Son to escape the scuffle.

{¶15} During Kyambadde's testimony, the State objected to counsel's questions about Son's and Daughter's desire to live with their mother on grounds that

the question called for speculation. The trial court sustained that objection because Son and Daughter had testified and had been "subject to cross-examination."

### B. *The jury convicted Kyambadde of domestic violence against Daughter*

**{¶16}** The jury found Kyambadde guilty of committing domestic violence against Daughter, but not guilty of all other charges. The trial court sentenced Kyambadde to a suspended 180-day sentence, community control, community service, and a fine.

## II. *Analysis*

**{¶17}** In a single assignment of error, Kyambadde asserts that the trial court's exclusion of evidence about his children's desire to live with their mother violated the rules of evidence and was prejudicial to Kyambadde's reasonable-parental-discipline defense. Kyambadde argues that the jury heard competing accounts of him striking Daughter, and evidence of the children's biases against him would have undermined their credibility.

### A. *The trial court abused its discretion when it excluded evidence of the children's biases*

**{¶18}** We review the trial court's exclusion of evidence for an abuse of discretion. *State v. Femuels*, 2020-Ohio-2926, ¶ 23 (1st Dist.). To reverse the trial court's decision, we must find both that the trial court abused its discretion and Kyambadde suffered prejudice due to that error. *State v. Bennett*, 2020-Ohio-652, ¶ 21 (1st Dist.). A trial court abuses its discretion when it "exercise[s] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. But a court lacks discretionary authority to make an error of law. *Id.* at ¶ 39.

*1. Evidence of bias is admissible under Evid.R. 616 for impeachment*

**{¶19}** We start with the principle that a testifying witness's credibility is always at issue. *See Redman v. Watch Tower Bible & Tract Soc. of Pennsylvania*, 1994-Ohio-514, ¶ 9. The Ohio Rules of Evidence govern appropriate methods of attacking a witness's credibility and "expos[ing the] witness's general tendency towards truthfulness or untruthfulness." *Id.*

**{¶20}** Under Evid.R. 616(A), "Bias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." In this context, bias is broadly understood as "'the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party.'" *Redman* at ¶ 8, quoting *United States v. Abel*, 469 U.S. 45, 52 (1984). A witness's bias may be the result of their "like, dislike, or fear of a party, or . . . self-interest." *Abel* at 52.

**{¶21}** Kyambadde sought to introduce evidence of his children's biases against him and motivations to lie due to their desire to live with their mother. He testified about the children's behavioral problems at school and tried to show that their mother did not hold the children accountable for their behavior. He argues that the trial court's exclusion of evidence of their motivations to testify against him is contrary to Evid.R. 616(A).

**{¶22}** At first, the State insists that the trial court did not err when it excluded Kyambadde's evidence based on Kyambadde's ability to cross-examine his children. Ultimately, the State concedes in its brief that "Kyambadde was entitled to provide extrinsic evidence of his children's bias." *See* Evid.R. 616(A) ("Bias . . . may be shown to impeach the witness *either* by examination of the witness or by *extrinsic evidence*."). (Emphasis added.)

2. *Evidence of the children's biases was relevant to Kyambadde's defense*

**{¶23}** All evidence must be relevant under Evid.R. 402. A trial court must exclude relevant evidence under Evid.R. 403(A) if the probative value of the evidence is substantially outweighed by the potential of unfair prejudice, confusion, or misleading the jury.

**{¶24}** Evidence of a witness's bias is "almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *Abel*, 469 U.S. at 52; *see State v. McCown*, 2006-Ohio-6040, ¶ 19 (10th Dist.) ("Evidence of bias or motive to testify falsely is always relevant and admissible under Evid.R. 616(A)."). That is especially so when the jury must choose between conflicting accounts. So, the exclusion of evidence bearing on a witness's relationships, circumstances, and influences that reflect a potential bias deprives the jury of its ability to reach an informed decision about the witness's credibility and the weight given to that testimony. *See State v. Denis*, 117 Ohio App.3d 442, 446 (6th Dist. 1997), quoting *State v. Williams*, 61 Ohio App.3d 594, 597 (9th Dist. 1988). Evidence of "bad relationships" may reveal bias. *State v. Watson*, 2015-Ohio-4517, ¶ 43 (2d Dist.).

**{¶25}** Kyambadde's testimony about his children's biases was relevant to his children's motivations behind their accounts of what happened and to impeach their credibility in general. We discern no potential for unfair prejudice, confusion, or misleading of the jury that would justify the exclusion of Kyambadde's evidence.

**{¶26}** The State argues that the trial court properly excluded Kyambadde's testimony about the children's desire to live with their mother because his testimony would have been speculative "and most likely hearsay." But in Ohio, "[e]xtrinsic evidence of bias, interest, or any motive to misrepresent . . . does not require that the

proponent lay a foundation." *State v. Howard*, 2019-Ohio-5419, ¶ 59 (4th Dist.); *see State v. Griffith*, 2015-Ohio-4112, ¶ 15 (2d Dist.); *see also State v. Kehn*, 50 Ohio St.2d 11, 19 (1977). And it is well established that out-of-court statements "offered for a purpose other than their truth are not hearsay under Evid.R. 801(C)." *State v. Devaughn*, 2020-Ohio-651, ¶ 40 (1st Dist.), citing *State v. Davis*, 62 Ohio St.3d 326, 344 (1991); *see Femuels,* 2020-Ohio-2926, at ¶ 23 (1st Dist.); *see also State v. Harris*, 2005-Ohio-6995, ¶ 50 (1st Dist.).

**{¶27}** We hold that the trial court abused its discretion when it excluded Kyambadde's evidence of the children's biases or motivations to misrepresent their encounter with Kyambadde that was admissible under Evid.R. 616(A).

*3. The trial court's exclusion of the bias evidence was harmless*

**{¶28}** Next, we must determine if the trial court's error in excluding Kyambadde's evidence was harmless. *See* Crim.R. 52(A); *see also* Evid.R. 103(A); *Femuels* at ¶ 25. The State bears the burden of proving that an error is harmless. *State v. Morris*, 2014-Ohio-5052, ¶ 23. The State must prove that (1) the erroneous exclusion of evidence was nonprejudicial—that it had no impact on the verdict, (2) the erroneous exclusion was harmless beyond a reasonable doubt, and (3) the defendant would have been found guilty beyond a reasonable doubt if the erroneously-excluded evidence had been admitted. *See State v. Harris*, 2015-Ohio-166, ¶ 37. An evidentiary decision is harmless if it amounts to a "technical mistake[]" that did not prejudice the defendant. *Morris* at ¶ 23-24. We have held that the erroneous exclusion of evidence of a witness's bias is harmless where the trier of fact heard other evidence of the witness's motive to lie. *See State v. Bennett*, 2020-Ohio-652, ¶ 24 (1st Dist.).

a. Domestic violence and reasonable parental discipline

**{¶29}** The trial court convicted Kyambadde of domestic violence under R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "Physical harm" is "any injury . . . regardless of its gravity or duration." R.C. 2901.01(A)(3). Kyambadde acted knowingly if, regardless of purpose, he was aware that his conduct would probably cause a certain result or would be of a certain nature. R.C. 2901.22(B).

**{¶30}** Kyambadde raised reasonable parental discipline, which is "an affirmative defense" to a domestic-violence charge. *See State v. Faggs*, 2020-Ohio-523, ¶ 21. Historically, a parent could "'give[] moderate correction to his [or her] child[.]'" *Id.*, quoting 4 Blackstone, *Commentaries on the Laws of England*, 120 (Tucker Ed.1803). As an affirmative defense, reasonable parental discipline is a "concession of the state's facts," along with a lawful reason that justifies the defendant's conduct and makes the conduct lawful. *State v. Wilson*, 2022-Ohio-3763, ¶ 50 (2d Dist.).

**{¶31}** Ohio parents have a limited "right to use reasonable physical discipline, or corporal punishment, to prevent and punish a child's misconduct." *State v. Miller*, 2023-Ohio-1141, ¶ 31 (8th Dist.). But the punishment must be "reasonable and [must] not exceed the bounds of moderation and inflict cruel punishment." *Id.*

**{¶32}** To establish reasonable parental discipline, a defendant must show that the "physical discipline was reasonable under the circumstances." *State v. Thornton*, 2022-Ohio-3452, ¶ 31 (1st Dist.). What is reasonable depends on the totality of the circumstances, including the child's age, behavior, response to other disciplinary measures, "'the location and severity of the punishment,' [and] 'the parent's state of mind.'" *Id.*, quoting *State v. Ford*, 2020-Ohio-4298, ¶ 27 (8th Dist.).

b. <u>Photographic evidence proved that Kyambadde's discipline was unreasonable</u>

**{¶33}** After reviewing the evidence, we hold that the trial court's exclusion of the evidence showing Kyambadde's children's biases was harmless. Kyambadde is correct that Son's and Daughter's credibilities were relevant to the the behavior that prompted Kyambadde's discipline of Daughter. But even if the jury discredited Daughter's testimony, the jury still saw a photograph, taken hours after Kyambadde struck his daughter, of a visible injury on Daughter's arm left by Kyambadde that was consistent with Kyambadde's own account of his discipline.

**{¶34}** Recall that parental discipline must be reasonable—in other words, it must "not exceed the bounds of moderation and inflict cruel punishment." *Miller*, 2023-Ohio-1141, at ¶ 31 (8th Dist.). We have held that "without observable injury, or without risk of serious physical harm, there can be no domestic-violence conviction for a parent as a result of striking a child." *State v. Adaranijo*, 2003-Ohio-3822, ¶ 13 (1st Dist.). We have reasoned that a lasting visible injury separates unlawful domestic violence from lawful and reasonable parental discipline. *See Thornton* at ¶ 33.

**{¶35}** Under our precedent, the photograph of Daughter's visible injury, taken hours after Kyambadde struck Daughter with a Swiffer, proved that Kyambadde's parental discipline was unreasonable. Son's and Daughter's credibilities had no bearing on that evidence. Therefore, we hold that the trial court's erroneous exclusion of bias evidence did not prejudice Kyambadde's defense and was therefore harmless. We overrule Kyambadde's assignment of error.

### III. Conclusion

**{¶36}** We overrule the assignment of error and affirm the judgment of conviction.

Judgment affirmed.

**ZAYAS, P.J.,** and **NESTOR, J.,** concur.